JOSEPH MENARD *vs.* THE SOCIETY OF ST. JEAN BAPTISTE.

Hartford Dist., May T., 1893.    ANDREWS, C. J., CARPENTER, TORRANCE,
FENN and BALDWIN, Js.

The plaintiff was a member of a mutual benefit society under the rules of
which he was to pay one dollar, after having belonged to the society
one year, for the beneficiaries of the next member who should die, by
neglecting to pay which he was to forfeit his benefits as a member. He
neglected to make the payment, but the society made no demand for it
and took no measures to collect it, but allowed him to remain an ap-

parent member and received from him his monthly dues, for sixteen months. Held to be a waiver of the forfeiture.

The one dollar was to be regarded as due at the end of the first year although there had been no death of any member and no demand had been made for it.

[Argued May 3d—decided May 22d, 1893.]

ACTION to recover benefits claimed to be due to the plaintiff from the defendant, a mutual benefit society of which he was a member; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Hartford County, and tried to the court, on a general denial, before *Calhoun, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*N. E. Pierce* and *J. Winslow,* for the appellant.

*E. Peck,* for the appellee.

CARPENTER, J. This is an action to recover benefits alleged to be due from a mutual benefit society. The defense is that the plaintiff had forfeited his right to recover by the non-payment of a death fee. The suit was originally brought before a justice of the peace, who rendered judgment for the defendant. The plaintiff appealed to the Court of Common Pleas, in which court judgment was rendered for the plaintiff; the defendant appealed to this court.

The facts are briefly these :—The plaintiff joined the defendant society in October, 1889. He paid his initiation fee, two dollars, and his monthly dues, fifty cents per month, until February, 1892, when he was taken ill, and continued so for five weeks; and he is now entitled to recover five dollars per week for this time, unless he has forfeited his right by the facts hereinafter stated.

By the by-laws he was required to pay a fee of one dollar, after having belonged to the society for one year, for the beneficiaries of the next member who should die, and. make a similar payment at each death. There seem to be two

classes of benefits paid by the defendant. The first is a weekly allowance to each member during sickness, for a limited time, paid from a fund raised by the payment of the monthly dues and fines. The second is an allowance to the family of a deceased member, paid from the avails of a special tax for that purpose. The fee of one dollar, payable by the plaintiff in October, 1890, was not paid.

No question is made as to illness, or the formal proof. The defense is that he forfeited his benefits by the non-payment of one dollar, in October, 1890. The circumstances relating to that fact are these:—When that fee became due the plaintiff handed to the financial secretary a five dollar bill, saying that he desired to pay all that he was owing. The secretary returned the change, but by mistake or inadvertence omitted to retain the one dollar fee. The plaintiff supposed that he had paid it, until February 3d, 1892, when at a regular meeting of the society he was informed that it was not paid. He insisted that it was, saying that he would bring his book at the next meeting. Before the next meeting he was taken ill, and thus the matter stands.

There has been no death of a member since the plaintiff joined. The court below, in rendering judgment for the plaintiff, in effect ruled that there was no forfeiture, or, if there was, that it had been waived by the defendant. Were these rulings or either of them correct? If either was correct the judgment must stand.

The plaintiff insists that the fee of one dollar was not due in October, 1890; and, as there are as yet no beneficiaries entitled to receive it, and as no demand has been made for it, that it is not even now due. We do not think that that is a correct interpretation of the by-law. We think that it is reasonably definite in itself. After the plaintiff had been a member for one year the fee was due.

The plaintiff claims, in the next place, that the by-laws do not provide for the forfeiture insisted on in this case. Article 29 is entitled—" Fund for widows and heirs." Section second is as follows:—" At the death of a member all his fellow members shall be taxed one dollar, payable in

thirty days, and he who shall neglect to pay in that time shall be stricken from the list of members." This section does not in terms apply to the first contribution to the fund for widows and orphans, but as it applies to all subsequent taxes it would seem to be a reasonable construction to say that it was intended to apply to this also. If it is a remedy to enforce the payment of the fee in question is it reasonable to suppose that it was intended to provide an additional remedy by a forfeiture of the member's benefits?

Section six of article 20 is as follows: " Each member in arrear to the society shall lose his benefits for a period of time equal to that during which he shall have been indebted to the association, dating from the day of his restoration to good standing." That seems to imply that the delinquent's name shall have been stricken from the list of members and restored. If that has not been done is it quite certain that there is any forfeiture? Without deciding this point we pass to the question of waiver. The association took no measures to enforce payment for the beneficiaries. It did not strike his name from the list of members. It allowed the plaintiff to remain an apparent member, and received from him the monthly dues and fines for one year and four months; such dues and fines constituting the principal source from which the fund for sick benefits was derived. We think that was clearly a waiver of any forfeiture. *Bevin* v. *Conn. Mutual Life Ins. Co.*, 23 Conn., 244; *Fitzpatrick* v. *Hartford Life & Annuity Ins. Co.*, 56 id., 116; *McGurk* v. *Metropolitan Life Ins. Co.*, id., 528. The society cannot retain his membership for the purpose of receiving dues and fines, and deny it for the same time for the purpose of defeating his right to receive benefits. If he is a member for one purpose, he is for both.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.