ERIC BEACH
*vs.*
UTICA MUTUAL INSURANCE CO.

Superior Court        Hartford County        File No. 62121

MEMORANDUM FILED OCTOBER 19, 1940.

*Davis, Lee, Walker & Wright,* of Hartford, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendant.

FOSTER, J. The plaintiff, having secured judgment against one Joseph A. Flynn for injuries suffered in an automobile accident, brings this action against the defendant insurance company, which was the insurer of Flynn, for damages caused by him in such accident. The defendant alleges in its answer the breach by Flynn of his contract of insurance with the defendant. In his amended reply the plaintiff alleges that the defendant did not suffer any prejudice by any such alleged breach of contract by Flynn. To this amended reply the defendant demurs.

If it were the law that an insolvent tort-feasor could by his breach of contract of insurance bar the action of an injured person against an insurance company given him under section 4231 of the General Statutes, Revision of 1930, then an alert plaintiff would have no remedy, even though the breach of the contract of insurance in and of itself did not prejudice the insurer. Such is not the modern trend of the law.

"If the trial court finds that Duphiney did falsely represent the facts to the company, the issue whether such conduct on his part constituted a breach of the paragraph of the policy in question would be presented for the determination of the trial court. The purpose of this provision is to protect the interests of the insurer, and any conduct of an assured, to constitute a breach of it, must have adversely affected its interest in some substantial and material way." *Rochon vs. Preferred Accident Ins. Co.,* 118 Conn. 190, 198.

The question as to whether the contract of insurance of Flynn was breached by him is a question of fact to be determined upon the facts proven in the trial of the case and the law applicable thereto.

The demurrer to the amended reply to the second defense is overruled.