## LOUIS GALBIESEK
*vs.*
## LUMBERMAN'S MUTUAL CASUALTY CO., INC.

Superior Court      Fairfield County      File No. 60455

MEMORANDUM FILED DECEMBER 2, 1941.

*Michael Strauss,* and *Delaney, Murphy & Kotler,* of Bridge-port, for the Plaintiff.

*Shapiro, Goldstein & Brody*, of Bridgeport, for the Defendant.

INGLIS, J. This is an action brought on an automobile liability insurance policy issued to the plaintiff to recover the amount of damages which the plaintiff has had to pay to satisfy a judgment rendered against him in a New York court.

The second defense set up in the answer is that the policy provided that the automobiles insured will principally be used at Bridgeport and vicinity, that the accident referred to in the complaint occurred in New York and that "said defendant is not liable for any accidents occurring in said place." The policy is set forth in full in the complaint and admitted in the answer. From that it appears that the clause referred to in this second defense is "2. The automobile will be principally used at Bridgeport & vicinity." It is to be noted that the allegation of the second defense is not that the automobile was not principally used at Bridgeport and vicinity but rather that the particular accident involved did not occur in that place. It clearly, therefore, is no defense to the action. The policy protects, against liability for any accident wherever it occurs so long as the automobile is used principally in Bridgeport and vicinity, if all of the other terms of the policy are complied with.

The plaintiff also demurs to the third, fourth, fifth and seventh defenses on the ground that the judgment was obtained against the named insured and that therefore the provisions of the policy relating to the coverage of the liability of the plaintiff's son as an additional insured are not material. In so far as the defenses in question attempt to avoid liability by raising questions as to whether the policy covered the liability of the plaintiff's son, who was operating the automobile at the time of the accident, the demurrer to them is well taken. It is not the plaintiff's son who is suing on the policy nor is it a person who claims only by way of subrogation to the rights under the policy of that son.

It is, however, now well established that the former judgment fixing the liability of an insured under such a policy as this is not conclusive on the insurer on the question as to whether the policy covers the loss sustained by the insured.

It is always open to the insurer to claim that the policy does not cover the particular liability upon which the judgment was based. *Mycek vs. Hartford Accident & Indemnity Co.,* 128 Conn. 140; *Manthey vs. American Automobile Ins. Co.,* 127 id. 516; *Rochon vs. Preferred Accident Ins. Co.,* 118 id. 190.

The gist of the third defense is that the policy covered the automobile in question only when it was being used for commercial purposes and that it was not being so used at the time of the accident. This defense clearly raises an issue as to coverage and is good.

The fourth defense likewise alleges that the automobile was taken to New York by the plaintiff's son for his own personal pleasure and was therefore not within the coverage of the policy. This raises an issue of coverage and is good.

The fifth defense alleges that the policy was issued to the present plaintiff and did not extend any protection or coverage to any member of his family while they were using the auto-mobiles for personal pleasure. This defense also raises a question of coverage but here it is the question as to coverage of the son. The plaintiff in his complaint does not rest his case in any way on a claimed coverage of the liability of his son. Accordingly, this fifth defense is in no way responsive to the complaint. It is not, therefore, a good defense.

The seventh defense is simply that the driver of the truck took it out of the territory specified in the policy for his own personal pleasure without the permission of the insured. As has been concluded on the demurrer to the second defense, the fact that the truck was outside of Bridgeport and vicinity when the accident occurred is no defense.

Nor is it any defense that the driver was operating the truck without the permission of the insured. The policy in-sures the named insured against liability for damages assessed against him if the policy covers for such liability. Under the terms of the policy the question as to whether the driver of the truck had the permission of the insured to operate it would have a bearing on the question as to whether the driver was an additional insured and therefore as to whether his liability was covered, but that is not a question in this case. The judgment in the former case must have involved a finding that the driver was operating the truck as the agent

of the insured. In any event, it fixed the question of liability of the present plaintiff to the injured person. It established the fact that the plaintiff has sustained a loss. That is conclusive on the parties here. It can no more be upset in this action by evidence here that the driver was not the agent of the insured than it could by evidence here that the driver had not been negligent or by evidence that the injured person had been guilty of contributory negligence. Accordingly, the fact that the driver was operating the truck without the plaintiff's permission is not in itself a good defense in this action.

If in the seventh defense the defendant is relying on the allegation that the truck was being used for the personal pleasure of the driver simply as taking the accident out from under the coverage of the policy, that is amply taken care of in its third and fourth defenses. Beyond that it can have no relevancy to this case. For the foregoing reasons it appears that the demurrer to the seventh defense is good.

Paragraph 12 of the complaint alleges that "The plaintiff, by reason of said action [that is, the action which resulted in the judgment against him] has been and will be compelled to pay for counsel fees, etc." The eighth defense is that there is no agreement in the policy to reimburse the insured for any counsel fees, etc., incurred by the insured in any effort to enforce the terms of the policy. This defense is obviously not responsive to the complaint. The plaintiff is not claiming counsel fees incurred in his attempt to recover from this plaintiff but only such as he incurred in the defense of the action brought against him. This he is entitled to if, indeed, he is entitled to recover at all under the policy.

For the foregoing reasons the demurrers to the second, fifth, seventh and eighth defenses are sustained. The demurrers to the third and fourth defenses are overruled.