**Earl A. TURGEON, Administrator, et al., Plaintiffs,**

v.

**SHELBY MUTUAL PLATE GLASS AND CASUALTY COMPANY, Defendant.**

Civ. No. 3713.

United States District Court,
D. Connecticut.

Nov. 9, 1954.

See also D.C., 112 F.Supp. 355.

Robert L. Halloran (of Halloran, Sage, Phelon & Hagarty), Hartford, Conn., for plaintiffs.

Valentine J. Sacco (of Butler, Volpe, Garrity & Sacco), Hartford, Conn., for defendant.

SMITH, Chief Judge.

Plaintiffs, having recovered judgments in a motor vehicle negligence case in New York courts against Mazziott, defendant's assured, Turgeon v. Mazziott, 279 App.Div. 684, 107 N.Y.S.2d 986, sued defendant in the Superior Court for Hartford County. Defendant, an Ohio corporation, removed to this court, answered denying liability and counterclaimed for a declaratory judgment of non-liability based on a claim that the vehicle in question was owned by its driver, one Marceau.

Plaintiffs move for summary judgment, claiming that the general verdict in the New York case established that the car was Mazziott's and was being used with his knowledge, permission and consent by Marceau at the time of the accident.

Defendant points out, however, that there was submitted to the jury an alternative claim, upon which it may have based its verdict against Mazziott, founded on his alleged illegal loaning of markers to Marceau which would have been sufficient to hold Mazziott liable even though he were not the owner.

Plaintiffs counter with the claim that the verdict being general, it must be held that all issues presented were resolved against Mazziott and that defendant, which defended the New York actions in Mazziott's name under a non-waiver agreement, should have submitted interrogatories or special verdicts to the New York jury if it desired to preserve its rights under its present contention.

Connecticut has allowed litigation of questions of policy coverage, even though some of the factual issues basic to those questions were determined in the trial of the liability issue between the injured party and the assured, and even

though the litigation was managed on behalf of the assured by the insurer. Manthey v. American Automobile Insurance Co., 127 Conn. 516, 18 A.2d 397; Galbiesek v. Lumberman's Mutual Casualty Co., Inc., 10 Conn.Sup. 140.

The extent to which these cases may be said to limit in Connecticut collateral estoppel of one managing litigation although not a formal party is not clear. Cf. Shelby Mutual Cas. Co. of Shelby, Ohio v. Richmond, 2 Cir., 185 F.2d 803.

█ However, the Connecticut court seems to place some weight on the lack of adversary position between insurer and insured in the trial of the issue in the first trial. This, coupled with the existence of the alternative claim based on the marker use, would indicate that the issue of ownership as affecting coverage is still open for litigation in the case at bar.

The motion for summary judgment is denied. Order limiting issues may await interrogation of counsel at pre-trial conference.