## Ciro Benanti *vs.* The Delaware Insurance Company.

Second Judicial District, Norwich, April Term, 1912.
Prentice, Thayer, Roraback, Wheeler and Holcomb, Js.

Under the terms of the standard policy of fire insurance, the truth of the representations of the insured as to the title to the property insured, made before the issuance of the policy, is a condition precedent to the attaching of the risk. As to all such conditions precedent the plaintiff in a suit on the policy sustains the burden of proof, and this burden never shifts.

Because of the practical inconvenience of compelling proof of performance of all the conditions precedent in an insurance policy, the plaintiff may, upon proof of his interest in the property, the issuance of the policy, the loss and furnishing of proofs of loss, rely on the legal presumption that these conditions are prima facie established, and rest his case. If the defendant then offers evidence of breaches of particular conditions, the plaintiff may rebut such evidence. The plaintiff sustains his burden of proof as to the conditions not specifically put in issue by the defense, by resting upon such legal presumption; as to those put in issue he sustains the burden by proof as in any case.

The provisions of the policy making it void if the insured is guilty of fraud or false swearing as to the insurance, after the loss, create conditions subsequent; and as to those the burden of proving a forfeiture is on the defendant.

If there was a breach of any condition of the policy, and the insurer retained the premium with knowledge of such breach, and prior to a loss on the policy, it would waive the right to avoid the policy

for such breach. But the retention of the premium when the defendant learned of the breach of a condition precedent after a loss had occurred, does not constitute a waiver.

Whether the trial court should express in the charge to the jury its opinion as to the materiality or importance of a particular evidential fact is wholly a matter of discretion.

Argued May 7th—decided July 26th, 1912.

ACTION on a fire insurance policy to recover for the total destruction of plaintiff's stock of merchandise and store fixtures, brought to the Superior Court in New London County and tried to the jury before *Greene, J.;* verdict and judgment for the plaintiff for $985, and appeal by the defendant. *Error and new trial ordered.*

*Joseph P. Tuttle,* for the appellant (defendant).

*Charles Hadlai Hull,* for the appellee (plaintiff).

WHEELER, J. The answer sets up that the policy provided: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated therein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after the loss;" and that "this entire policy . . . shall be void . . . if the interest of the insured be other than unconditional and sole ownership." The answer further alleged that the plaintiff, both before and after the loss, falsely stated the value of the stock which was the subject of the loss, and made other false statements as to the amount of the loss, all of which statements were known by the plaintiff to be false; and that the plaintiff did

Benanti *v.* Delaware Ins. Co.

not truly state his interest when the insurance was effected; on the contrary, he stated that he was the sole and exclusive owner of the property insured, when he had a partner who, as such, had a part ownership in the property insured.

The defendant complains of the charge of the court that the issue of false statements made subsequent to the issuance of the policy concerning the value of the property insured, and the amount of the loss, was an affirmative defense raised by the defendant, upon whom rested the burden of proving it. The defendant insists that, as the burden of proving compliance with the terms and conditions of the policy was on the plaintiff, he assumed the burden of this issue as one of the terms of the policy.

This stipulation was a condition subsequent, a breach of which is a defense. It is no part of an insured's duty to negative a condition subsequent. The authorities are practically agreed in holding that the burden of proving the fraud is on the insurer. "It is expressly provided, that if there appear any fraud or false swearing, the insured shall forfeit all claim under the policy. It is believed that an averment, that the plaintiff had practiced no fraud nor swore falsely, would sound rather oddly in the ears of a . . . special pleader." *Lounsbury* v. *Protection Ins. Co.*, 8 Conn. 459, 466; *Jones Mfg. Co.* v. *Manufacturers Mut. Fire Ins. Co.*, 8 Cush. (Mass.) 82; *Moody* v. *Insurance Co.*, 52 Ohio St. 12, 38 N. E. 1011; *Schaeffer* v. *Anchor M. F. Ins. Co.*, 113 Iowa, 652, 656, 85 N. W. 985; *Friedman Co.* v. *Atlas Assurance Co.*, 133 Mich. 212, 94 N. W. 757; *Slocovich* v. *Orient Mut. Ins. Co.*, 108 N. Y. 56, 14 N. E. 802; *Western Assurance Co.* v. *Mohlman Co.*, 83 Fed. Rep. 811, 28 C. C. A. 157; Cooley, Briefs on Insurance (Vol. 2) p. 1511; Id. (Vol. 4) pp. 3424, 3432, and cases cited.

Another error assigned is the instruction that under the circumstances of this case there was no burden of proof on the plaintiff as to the charge of his misstatement of his title. The representation as to title was made prior to the issuance of the policy and was a condition precedent to the attaching of the risk.

As to all conditions precedent the plaintiff sustains the burden of proof. *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, 52 Atl. 490; *Vincent* v. *Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 287, 58 Atl. 963. Because of the practical inconvenience of compelling proof of all of the conditions precedent in a policy of insurance, the plaintiff under our rule may, upon proof of his interest, the issuance of the policy to him, the loss, and compliance with the proofs of loss, rest upon the legal presumption that these conditions are prima facie established and the case made out. Thereupon the defendant may offer its proof of the several breaches which it may have pleaded, and these the plaintiff may in turn rebut. This burden of proof never shifts. Upon the whole evidence it is where it was at the beginning, upon the plaintiff, to prove his compliance with the terms and conditions precedent of the policy. The plaintiff sustains this burden as to the conditions not specifically put in issue by the defense by proof of his interest, the issuance of the policy to him, the loss, and his compliance with the proofs of loss; as to those put in issue by the defense he sustains the burden by proof as in any case. The trial court, in effect, so instructed the jury. In so doing it followed our practice and our settled rule. *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, 52 Atl. 490; *Vincent* ·v. *Mutual Reserve Life Asso.*, 77 Conn. 281, 58 Atl. 963.

But the court, in this connection, further instructed the jury: "Both the charges as to title . . . relate to

Benanti *v.* Delaware Ins. Co.

the alleged defectiveness of the title . . . at the inception of the policy, and, if proved, make the policy void from the beginning. . . . If the plaintiff had no protection under the policy the defendants had no right to the premium of $19.08. The defendants might, of course, take the premium in ignorance of the fact which made the policy void, and no doubt did so take it, but when they obtained such information as lead them to believe that they had a right to call the policy void from the beginning, they were put to a choice between, on the one hand, returning, or at least tendering the premium back to the plaintiff, and calling the policy void, and, on the other hand, keeping the premium and waiving the claim of voidness. In this case they have kept the premium, and waived the claim of original voidness of the policy. . . . There is, therefore, no burden of proof on the plaintiff as to the conditions to be performed by him."

Had the defendant retained the premium prior to the loss and after it knew the breaches of these conditions, it would have waived the right to avoid the policy through them. The risk of the policy upon breach of this condition precedent never attached. It might have been given life by being adopted or ratified prior to the loss; after that event it could not be. A waiver or an estoppel predicated upon facts subsequent to the loss could not affect the rights of the plaintiff under the policy. Hence, if the knowledge of the breach came to the insurer after the loss, its retention of the premium after such knowledge did not affect the plaintiff's rights, and therefore can furnish no foundation for a waiver or estoppel.

There is nothing in the record to suggest that this insurer knew that this insured had misrepresented his title; on the contrary, so far as appears, that knowledge came to the insurer after the loss and after the

claim made upon it for the loss and in the progress of its investigation of the claim.

The receipt and retention of the premium with full knowledge of the situation must be treated as a waiver or an *estoppel in pais.* *Hoxie* v. *Home Ins. Co.*, 32 Conn. 21; *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, 52 Atl. 490; *Buffalo Forge Co.* v. *Mutual Security Co.*, 83 Conn. 393, 400, 76 Atl. 995; *Menard* v. *Society of St. Jean Baptiste*, 63 Conn. 172, 27 Atl. 1115. "But if, as is probable, they first knew of it [the facts of the waiver] after a claim was made upon them for the sum insured, then the retention of the money while investigating the case, and pending litigation, could not be regarded as any evidence of a waiver or as constituting an estoppel." *Lewis* v. *Phœnix Mut. Life Ins. Co.*, 44 Conn. 72, 91; *Georgia Home Ins. Co.* v. *Rosenfield*, 95 Fed. Rep. 358, 37 C. C. A. 96; *Allen, Safford & Co.* v. *Vermont Mut. Fire Ins. Co.*, 12 Vt. 367; *Parsons, Rich & Co.* v. *Lane*, 97 Minn. 98, 106 N. W. 485; Richards on Ins. (3d Ed.) p. 173, § 135; Cooley, Briefs on Ins. (Vol. 3) p. 2694.

The trial judge was in error in instructing the jury that the receipt and retention of the premium waived the right of the defendant to claim that the policy was void by reason of the misrepresentation as to title, and therefore there was no burden of proof on the plaintiff as to this condition.

But the court further instructed the jury that the "defendant's counsel have stated in court that they do not claim that the policy was void when issued," and the contention is that the court's conclusion as to the burden of proof rested not only upon its holding that there had been a waiver, but also upon the admission that the defendant did not contest the issue of misrepresentation of title.

We do not think that the defendant made the ad-

mission which this language is assumed to carry, nor that it intended to make any such admission. The issue of misrepresentation of title was plainly raised in the answer, the finding shows it was one of the strongly contested issues of the evidence, and that it was distinctly presented in the defendant's requests to charge. It is apparent that the court relied for its statement, that the defendant had by its admission waived the issue of misrepresentation of title, upon a sentence found in a memorandum on certain claims of law other than misrepresentation of title, which the defendant filed with the court at its request during the argument. The memorandum itself begins: "The defendant defends this action upon a policy of fire insurance issued by it upon the following grounds: First: That the defendant insured Benanti while the property for which indemnity is sought belonged to the co-partnership." The so-called "admission" appears in a later part of the memorandum which was confined to a discussion of the second ground, viz., fraud in the presentation of his claim. We do not think, in view of these considerations, it can be said, in justice to the defendant, that it intended to waive this defense. Its argument as presented in its memorandum was somewhat contradictory and not altogether clear; but a consideration of it in its entirety must satisfy that the defendant did not intend to and did not abandon this defense.

The court adequately and correctly instructed the jury on the question of value and loss as made by the plaintiff in statements and in proof of loss.

Error cannot be predicated upon the refusal of the court to charge the jury that whether a certain exhibit was signed in blank, or after the body of the instrument had been written, was a material fact in the case. Whether the court should express

its opinion upon such a question was within its discretion.

The charge that the testimony of Virgo should be considered as bearing upon the credibility of his testimony to the case was unexceptionable.

The only other errors pursued in argument are outside of the assignment of errors, or else not properly raised.

There is error and a new trial is ordered.

In this opinion the other judges concurred.