ADA D. ROCHON *vs.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 8th, 1933—decided March 6th, 1934.

*J. Warren Upson,* for the appellant (defendant).

*Michael V. Blansfield,* with whom was *Harry Krasow,* for the appellee (plaintiff).

MALTBIE, C. J.  The complaint in this action alleged that the plaintiff had secured a judgment against Philip Duphiney, for injuries received by reason of his negligent operation of an automobile which was in collision with one in which she was riding; that Fred A. Spencer and his wife or one of them was owner of the car; that the defendant had issued a policy insuring the owner of the car against liability for such injuries as the plaintiff suffered; that, as appears in a copy of the policy annexed to the complaint, it included within its provisions any person operating the car of the insured with his permission; that at the time of the accident Duphiney was operating the car with the owner's permission; and that the Spencers and Duphiney had fulfilled all the obligations resting upon them under the terms of the policy.  The plaintiff sought to recover the amount of the judgment, with interests and costs, under the provisions of § 4231 of the General Statutes.  The defendant filed an answer in which it admitted and denied allegations of the complaint, including among its denials the allegation that Duphiney was operating the car at the time of the accident with the owner's permission; and it also pleaded a special defense.  In this it set out the provisions of the policy defining the word "assured" as including one operating the insured's car with his permission, and also a condition requiring the assured to give written notice to the defendant of the accident, stating the circumstances thereof, and to cooperate with the company; and it alleged that one of the issues litigated in the original action was

whether Duphiney was operating the car at the time of the accident, that all the issues in that action were found for the plaintiff, that Duphiney had represented to it that he was not operating the car at that time, that this representation was untrue and made deliberately to deceive the defendant, and that thereby Duphiney had broken the condition in the policy requiring coöperation by an insured.

The defendant by this answer assumed two wholly inconsistent positions: First, it denied that Duphiney was operating the car with the owner's permission; second, it alleged that by deliberately misstating to it that he was not operating the car he had broken the condition of the policy to which we have referred, which would only be true if he were an assured, that is, was operating it with the owner's permission. The defendant has persisted even into this court in attempting to maintain these opposing contentions. Thus, one ground of appeal is the refusal of the trial court to correct the finding so that it will state that Duphiney was not operating the car at the time of the accident; although a finding of the trial court that Duphiney was an assured under the terms of the policy is not attacked, and this would only be true if he was operating the car with the owner's permission, the defendant does seek to correct another finding of the trial court that, upon the evidence before it, a conclusion that Duphincy lied to it was not warranted. A defendant is not entitled thus to pursue two wholly inconsistent claims in his pleadings. *Patchen* v. *Delohery Hat Co.*, 82 Conn. 592, 594, 74 Atl. 881. The defendant's attempt to do this has resulted in a record so complicated as to make it difficult properly to dispose of the case, and to indicate a need of a disposition of the issues in a more orderly way than has been followed. In this situation we do

not feel constrained to adhere too closely to technical rules in considering this appeal.

The trial court has found the facts as to the recovery of the judgment by the plaintiff against Duphiney and also that, on the evening of the accident, Mr. Spencer had intrusted the car to Duphiney; that Duphiney gave to the representative of the defendant a statement of the accident in which he represented that he had left the car parked in the street before the accident and when he returned he found that it had been stolen and that the person operating it at the time of the accident was unknown; that on the trial of the first action, as on the trial of this, Duphiney had testified to this effect; and that the defendant had offered no evidence on this trial tending or intended to prove that any statement made by him was untrue. The trial court then stated certain "conclusions of fact," among them, that Duphiney was an assured under the policy, that no evidence introduced in the action would warrant a finding that he lied, that he fully coöperated with the defendant and that the defendant did not prove the material allegations of its special defense; and among its conclusions of law the trial court stated that it was Duphiney's duty as an assured under the provision in the policy requiring coöperation to tell the truth, that he did coöperate with the defendant and that the plaintiff was entitled to judgment.

An examination of the finding discloses no subordinate facts to support the "conclusion of fact" that Duphiney was an assured under the policy, that is, that at the time of the accident he was driving the car with the permission of the owner. The apparent basis of that conclusion is the judgment in the original action. As between the plaintiff and Duphiney no doubt this judgment would be *res adjudicata* upon the

issue whether or not he was then driving the car. But it would not establish the fact as between the plaintiff and the present defendant that Duphincy was an assured under the policy. Whether or not he was, would be an issue to be established by independent evidence in the trial of the present case and until it was established the judgment would be without effect. The situation in this regard is like that presented where a judgment is claimed to be binding upon certain persons as privies; before it can be given conclusive effect as to them, it is necessary to determine, if it be not conceded, whether they are in fact privies; and in any action upon the judgment that must first be determined by independent inquiry in the court where the action is brought. *Waterbury* v. *Clark*, 91 Conn. 254, 258, 99 Atl. 578; *Chicago & N. W. R. Co.* v. *Northern Line Packet Co.*, 70 Ill. 217, 220; *New York Title & M. Co.* v. *Title Guarantee & T. Co.*, 175 N. Y. Sup. 763; *Pfarr* v. *Standard Oil Co.*, 165 Iowa, 657, 671, 146 N. W. 851; 1 Freeman, Judgments (5th Ed.) §§ 448, 450. Moreover, the "conclusion of fact" of the trial court, that the defendant did not prove the material allegations of its special defense, was based upon an evident misconception. It is our established practice that one suing upon an insurance policy may allege in general terms compliance with all the obligations it imposes upon him, that the defendant insurer must then allege any breach of the terms of the policy upon his part upon which it proposes to rely, but that such an allegation does not shift the burden of proof, the plaintiff being bound to prove performance as regards the breach alleged. *Harty* v. *Eagle Indemnity Co.*, 108 Conn. 563, 565, 143 Atl. 847. In passing, we call attention to the fact that the finding does not state the claims of law made by the defendant at the trial, as it should.

The case must be remanded for further proceedings. Before it is taken up for another trial, the defendant should be required to elect whether to stand upon a contention that Duphiney was not an assured under the policy or, admitting that he was, to claim a breach of some condition precedent in the policy. If it chooses the former alternative, the judgment in the original action will not be effective against the defendant until, upon evidence offered before it, the trial court in this action is satisfied that he was an assured. If it chooses the latter alternative, the issue of performance of any condition in the policy precedent to the defendant's liability, which the defendant pleads was not fulfilled, must also be determined by the trial court before the judgment can avail. If the defendant pleads as a breach of condition that Duphiney gave false information to it, it will be for the trial court in this action to determine whether he did so or not, without regard to any issues in the former action, and it may conclude that he did tell the truth when he informed the defendant that he was not operating the car. It is not unusual for different courts to come to different conclusions upon the same issue. See, for example, *Link* v. *State,* 114 Conn. 102, 157 Atl. 857; *Shea* v. *Link,* 117 Conn. 214, 167 Atl. 542. If the court should find that Duphiney did make a false representation to the defendant that he was not driving the car at the time of the accident, it would then be for the trial court to determine whether this constituted a breach of any condition precedent in the policy.

The defendant in its present answer seems to claim that such a false statement would be a breach of that part of the policy requiring the assured to coöperate with the company. The particular paragraph in the policy in question reads as follows: "B. In the event

of accident written notice shall be given by or on behalf of the assured to the company or any of its authorized agents, as soon as is reasonably possible thereafter, irrespective of whether or not any injury or damage is apparent at the time. Such notice should contain information respecting the time, place, and circumstances of the accident, with the name and address of the injured and any available witnesses. If such information is not reasonably obtainable, particulars sufficient to identify the assured shall constitute notice. The assured shall keep the company advised respecting further developments in the nature of claims or suits when and as they come to his knowledge. The assured shall coöperate with the company and, upon the company's request, shall assist in effecting settlement, securing evidence, and the attendance of witnesses, but the assured shall not voluntarily make any payment, assume any obligation or incur any expense other than for immediate surgical relief except at his own cost." The obligation of the assured to give information to the company as to the accident in his written notice, is an independent requirement aside from the duty under the paragraph resting on him to coöperate with the insurer. The latter, as is evident from the terms of the paragraph as a whole and the context of the sentence referring to coöperation, applies rather to conduct of the assured in connection with proceedings, subsequent to the notice, looking to a final determination of the insurer's liability. The purpose of the requirement that the assured in his notice give the insurer information as to the accident, is to afford the latter a reasonable opportunity for an investigation of the facts, rather than to give it full information upon the basis of which it might proceed to a disposition of the case. *Ward*

v. *Maryland Casualty Co.*, 71 N. H. 262, 268, 51 Atl. 900.

If the trial court finds that Duphiney did falsely represent the facts to the company, the issue whether such conduct on his part constituted a breach of the paragraph of the policy in question would be presented for the determination of the trial court. The purpose of this provision is to protect the interests of the insurer, and any conduct of an assured, to constitute a breach of it, must have adversely affected its interest in some substantial and material way. *Francis v. London Guarantee & Accident Co.*, 100 Vt. 425, 429, 138 Atl. 780; *George* v. *Employers' Liability Assur. Corp.*, 219 Ala. 307, 309, 122 So. 175; *Frank Parmelee Co.* v. *Aetna Life Ins. Co.*, 166 Fed. 741, 744; *Conroy* v. *Commercial Cas. Ins. Co.*, 292 Pa. St. 219, 224, 140 Atl. 905. The mere inadequacy or untruthfulness of a statement made by the assured to the insurer as to the circumstances of an accident, does not of itself necessarily constitute a breach of the condition of the policy. *Guerin* v. *Indemnity Ins. Co.*, 107 Conn. 649, 655, 142 Atl. 268. The fact that Duphiney gave testimony upon the trial of the original action in accordance with his statement to the insurance company, and that, if believed by the trier, it would have freed the defendant from liability, would be a circumstance which might have material weight in determining whether, by his conduct, the interests of the defendant have been adversely affected in a substantial or material way. What position the defendant will take, if a new trial be had, and what circumstances will be found by the court, we cannot now know.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.