JOHN MANTHEY *v.* THE AMERICAN AUTOMOBILE
INSURANCE COMPANY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 6, 1940—decided February 7, 1941.

*Vincent A. Miller,* for the appellant (plaintiff).

*Harrison D. Schofield,* for the appellees (defendants).

JENNINGS, J. The plaintiff paid three judgments, based on the negligent operation of an automobile owned by him and insured by the defendants. He brought this action to recover these sums from the defendants. The latter claim that the policies do not cover the loss.

The finding discloses the following facts essential to the decisive issues of law: The defendant companies insured the plaintiff, a dairy farmer, against liability incurred in the operation of his pleasure and commercial automobiles. Among the latter was a Dodge truck. This truck was involved in an accident while being driven by the plaintiff's nephew. He had taken the truck, in the absence of the plaintiff and without his permission, to deliver a chicken to a customer for his mother who operated a farm some distance from that of the plaintiff. The accident occurred after the chicken was delivered and paid for when he was on his way back to give the money to his mother. As a result, suits were brought against the plaintiff by two injured persons on the theory that this truck was being operated negligently by his agent, with his permission and on his business, and the court which tried these

cases so found. The defendants first refused to defend but later did so upon an express understanding that in doing so they did not waive their right to claim that they were not liable under the policy. The trial resulted in judgments for the injured persons which the plaintiff paid. After these judgments were paid, another action was instituted by a new plaintiff for damages arising out of the same accident. The defendants refused to defend, claiming there was no coverage under the policy. The action was defended and settled by counsel employed by the defendants in that action.

On these facts, the trial court concluded that the driver of the truck was using it without permission and on business not connected with that of the plaintiff. This conclusion and the facts on which it was based were attacked by the assignments of error. The facts were found and the conclusion was reached on conflicting evidence and must stand. Although the finding was disputed in many respects, none of the other facts summarized above were questioned. The attacks on the finding resulted in the main from the use of the transcript of evidence in the principal case as a basis for many of the facts found. It was offered solely on the question of credibility, an important, if not decisive, issue in the case. Its use in making up the finding was improper and resulted in an unnecessarily complicated record.

Excerpts from the policy read as follows: "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, . . . caused by accident and arising out of the ownership, maintenance or use of the automobile."

"V. . . . This policy applies only . . . while the automobile is . . . owned, maintained and used for

the purposes stated as applicable thereto in the declaration."

The occupation of the insured is described as that of a dairy farmer. The use of the automobile is commercial.

"The term 'commercial' is defined as the transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct connection with the named insured's business occupation as expressed in item I."

From the facts found it appears that the plaintiff was the owner of the truck in question, that the truck was covered by a liability policy issued by the defendants and that the injuries on which the judgments against the plaintiff were based were caused by the operation of this truck. Under the insuring clause, therefore, the plaintiff is entitled to recover unless some material provision of the policy was violated, preventing coverage as to the accident in question. The defendants pleaded by special defenses and claim that the policy was violated in two respects: first, that the truck was not being used for the purposes indicated in the policy at the time of the accident, and, second, that it was being driven in violation of law as to age.

In a case of this kind the plaintiff is not required to negative every possible defense under the policies. In the absence of special defenses his burden is satisfied when he proves his interest, his loss and compliance with the policy requirements as to proof of loss. *Benanti* v. *Delaware Ins. Co.*, 86 Conn. 15, 18, 84 Atl. 109. Where, however, the defendant raises the issue of violation of some particular condition of the policy by a special defense, the burden of proving this issue is on the plaintiff. *Martoni* v. *Massachusetts Fire & Marine Ins. Co.*, 106 Conn. 519, 521, 138 Atl. 462;

*Harty* v. *Eagle Indemnity Co.,* 108 Conn. 563, 565, 143 Atl. 847.

The trial tactics of the plaintiff show that he failed to appreciate the situation. After putting in evidence the policy and judgments in the other cases he rested. Both here and in the trial court he relied on the conclusiveness of the judgments in the other cases. Those judgments were doubtless conclusive as to all litigated issues between Manthey and the plaintiffs in those suits but they were not tried to prove nor did the judgment establish that the loss was within the coverage of the policy. *Rochon* v. *Preferred Accident Ins. Co.,* 118 Conn. 190, 195, 171 Atl. 429. If the company elects to refuse to defend the action by the third party or to pay a judgment secured by him, the insured must prove in his suit on the policy that it provided coverage under the circumstances disclosed. *Guerin* v. *Indemnity Ins. Co.,* 107 Conn. 649, 653, 142 Atl. 269. There is no question of privity here. The first two cases were defended by the defendants under a reservation of rights. They were therefore not precluded from defending the present action upon the ground that they were not liable under the policies. *Basta* v. *United States F. & G. Co.,* 107 Conn. 446, 450, 104 Atl. 816. They refused to have anything to do with the third.

The quotations from the policy show coverage as to commercial use. The finding indicates conclusively that the truck was not in commercial use as defined in the policy at the time of the accident. The policy therefore afforded the plaintiff no more protection than if someone had stolen his car and inflicted the injury. See *Basta* v. *United States F. & G. Co.,* supra, 449. The plaintiff had the burden of proving that the coverage existed and having failed to do so the judgment of the trial court was correct.

In view of this situation it is unnecessary to discuss the effect of the age of the operator on the liability of the company under the policy.

There is no error.

In this opinion the other judges concurred.