Linda Slicer Young *v.* American Fidelity Ins. Co.
(2378)

Dannehy, C.P.J., Hull and Dupont, Js.

Argued March 8—decision released July 10, 1984

*Jill E. Clayton,* with whom, on the brief, was *Richard A. Fuchs,* for the appellant (plaintiff).

*George D. Royster, Jr.,* with whom, on the brief, was *John W. Lemega,* for the appellee (defendant).

Hull, J. This case raises the issue of whether, in order to recover insurance proceeds under a family

combination automobile policy, the claimant has the burden of proving that the "nonowned automobile" in question had not been furnished for the regular use of the named insured or of any relative. This precise question is a matter of first impression in Connecticut.

The facts are not disputed.

On July 18, 1972, the plaintiff was riding as a passenger on a motorcycle in Manchester. While standing at a stop sign, the motorcycle was hit from behind by an automobile owned by Dennis Quigley of Manchester and driven by his brother David Quigley, who resided with his parents in South Windsor. As a consequence of the collision, the plaintiff sustained severe injuries including the loss of her left leg below the knee.

The plaintiff brought suit against both Quigley brothers and against a passenger in the Quigley automobile. See *Slicer* v. *Quigley,* 180 Conn. 252, 429 A.2d 855 (1980). The jury in that action found the defendants liable and rendered a judgment in favor of the plaintiff for $264,500. She subsequently collected the $20,000 face value of an insurance policy covering the automobile involved in the collision. The remaining $244,500 of the judgment remains unsatisfied.

The plaintiff brought the present action under General Statutes § 38-175 seeking to recover from the defendant insurer a portion of the unsatisfied judgment under a "Family Combination Automobile Policy" issued by the defendant to the parents of David Quigley, the driver of the car. The policy covered all relatives living at home who drive any nonowned automobiles. The defendant admits that David Quigley was a relative living at home. The policy also defines a nonowned automobile as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative . . . ."

The defendant raised the special defense that the driver, David Quigley, was furnished the car, a Fiat, for his regular use and was therefore not covered under the policy. At the conclusion of the plaintiff's case at trial, the defendant moved for a directed verdict which the court denied. In its charge to the jury, the court stated that the plaintiff had the burden of proof on the "regular use" issue. The jury returned a general verdict for the plaintiff and awarded her the full amount of the defendant's $25,000 policy. On motion by the defendant, the court, *M. Hennessey, J.,* set aside the verdict and rendered judgment for the defendant, stating that "the jury could not have reached the conclusion they did under the court's charge." The plaintiff appeals[1] from the judgment notwithstanding the verdict.

The plaintiff briefed two principal issues: (1) whether the trial court erred in granting the defendant's motion for judgment notwithstanding the verdict; and (2) whether the trial court improperly placed the burden of proving an exception to coverage[2] on the plaintiff, rather than on the defendant.[3]

We will first consider the question of burden of proof since our conclusion that the court erroneously allocated to the plaintiff the burden of proving that the nonowned Fiat was not furnished for the regular use of David Quigley, substantially disposes of the case.

The general rule in Connecticut was stated in *Harty v. Eagle Indemnity Co.,* 108 Conn. 563, 565, 143 A. 847

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] In answer to a special interrogatory, the jury found that David Quigley was an additional insured under the policy.

[3] The plaintiff also claimed that the trial court erred in failing to instruct the jury that the plaintiff was entitled to a presumption of coverage because the defendant's insurance policy was ambiguous. We do not find the policy ambiguous.

(1928), as follows: "Under *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, 703, 52 Atl. 490 [1902], *Vincent* v. *Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 286, 58 Atl. 963 [1904], *Benanti* v. *Delaware Ins. Co.*, 86 Conn. 15, 18, 84 Atl. 109 [1912], *Martoni* v. *Massachusetts Fire & Marine Ins. Co.*, 106 Conn. 519, 520, 138 Atl. 462 [1927], and *Sortito* v. *Prudential Ins. Co.*, 108 Conn. 163, 142 Atl. 808 [1928], it has become the established law of this State that one instituting an action upon an insurance policy is only obliged to allege in his complaint, in general terms, that the various conditions precedent stated in the policy have been fulfilled; that it is then incumbent upon the defendant, by way of special defense, to set up such failures to comply with such conditions as it proposes to claim; that the burden rests upon the plaintiff to prove compliance with the conditions so put in issue, but that, as to other conditions precedent, compliance is presumed, without offer of proof by the plaintiff. . . . The *Vincent* and *Benanti* cases . . . recognize the underlying reason for the rule, that, in the interest of economy of time and effort and of simplicity of procedure, the plaintiff should be relieved of the necessity of pleading and proving facts which the defendant never proposes to put in actual issue."

"In a case of this kind the plaintiff is not required to negative every possible defense under the policies. In the absence of special defenses his burden is satisfied when he proves his interest, his loss and compliance with the policy requirements as to proof of loss. *Benanti* v. *Delaware Ins. Co.*, 86 Conn. 15, 18, 84 Atl. 109 [1912]. Where, however, the defendant raises the issue of violation of some particular condition of the policy by a special defense, the burden of proving this issue is on the plaintiff." *Manthey* v. *American Automobile Ins. Co.*, 127 Conn. 516, 519, 18 A.2d 397 (1941); accord *Rochon* v. *Preferred Accident Ins. Co.*, 118 Conn. 190, 195, 171 A. 429 (1934).

On the other hand, the burden of proving an exception to a risk is on the insurer. *O'Brien* v. *John Hancock Mutual Life Ins. Co.,* 143 Conn. 25, 29, 119 A.2d 329 (1955). A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed. Black's Law Dictionary (5th Ed.). "The object of an exception is to exclude that which would otherwise be included, to take special cases out of a general class." Black's Law Dictionary (5th Ed.). "By 'exception' of course is meant an exclusion of one or more of the risks otherwise generally insured against . . . ." *Kirkby* v. *Federal Life Ins. Co.,* 35 F.2d 126 (6th Cir. 1929).

In *Hill* v. *Employers' Liability Assurance Corporation,* 122 Conn. 193, 202, 188 A. 277 (1936), the defendant insurer had issued a blanket public liability policy which insured against loss or damage sustained by persons other than employees of the insured who were injured while on the insured premises. Following the issuance of the policy, a tenant of the insured was injured on a stairway in the insured's building. The insurer pleaded as a special defense that the insured had undertaken structural alterations or repairs on the insured premises, that these alleged repairs had been done without the permission of the insurer, that the policy did not cover injuries due to hazardous conditions created by unauthorized alterations or repairs, and that the tenant-claimant's injuries arose from hazardous conditions created by unauthorized repairs. The *Hill* court stated: "When a policy insures generally against a particular risk but contains a clause exempting the insurer from liability for a loss caused or arising in a specified manner, but which otherwise would have fallen within the general terms of the policy, that clause is to be regarded as having been inserted by way of proviso, and not as constituting a condition precedent, and should be so pleaded. . . . The clause here

relied on was clearly such an exclusion, rather than a condition breach of which would entirely void the policy, and should have been pleaded and treated as such." (Citations omitted.) Id; see also *Firestine* v. *Poverman,* 388 F. Sup. 948 (D. Conn. 1975); *Fogarty* v. *Fidelity & Casualty Co.,* 120 Conn. 296, 299–300, 180 A. 458 (1935); *Lounsbury* v. *Protection Ins. Co.,* 8 Conn. 458, 466 (1831).

A very similar question was involved in *Rathbun* v. *Aetna Casualty & Surety Co.,* 144 Conn. 165, 128 A.2d 327 (1956). The court in that case stated: "The case has been reserved for advice upon the construction of a clause excluding coverage in an automobile liability insurance policy." Id., 166. The stipulated facts were as follows: "The plaintiffs were passengers in a Willys private passenger automobile registered under the motor vehicle laws of this state in the name of Ina F. Rathbun and were injured on January 1, 1942, when this automobile, driven by Ina's brother, Joseph A. Rathbun, Jr., struck a tree in Plainville. The injured passengers brought suit against the administratrix of Joseph, who was killed in the accident, and recovered judgments against her in her representative capacity. On the date of the accident, Joseph, as the owner of a Ford roadster, was insured with the defendant against liability for injuries caused in the operation of the Ford. The policy also contained a clause insuring Joseph in the operation of any other private automobile, provided, however, that this extended coverage did not apply 'to any automobile [other than the one described in the policy] registered in the name of the named Insured or any member of the household thereof.' " Id., 166–67.

Although the court treated the matter as an exception, it did not allude to the burden of proof in deciding as a matter of law that, on the stipulated facts,

Joseph's sister, Ina, was a member of Joseph's household within the meaning of the insurance policy.[4]

The defendant in this case did not claim that the regular user provision is not an exception. Rather, it claimed that, on the authority of *Rochon* v. *Preferred Accident Ins. Co.,* 118 Conn. 190, 171 A. 429 (1934), and *Manthey* v. *American Automobile Ins. Co.,* 127 Conn. 516, 18 A.2d 397 (1941), the burden of proof should be on the plaintiff.[5]

The defendant's reliance on these cases is misplaced. In *Rochon,* the insurance policy included within its provisions any person operating the car of the insured with his permission. The operator of the car was only an insured if permission were proven. Likewise, in *Manthey,* the policy provided coverage only if the use were commercial. In each of these cases, the initial existence of coverage depended upon a finding of per-

---

[4] As in *Rathbun* v. *Aetna Casualty & Surety Co.,* 144 Conn. 165, 128 A.2d 327 (1956), we find it of no significance whether the exclusory language is found under the label of exclusions or within the list of definitions. It is the operative effect of the provision that determines whether it is a precondition or an exclusion.

[5] The defendant also relies upon other jurisdictions for authority. There is, however, a split of authority nationwide. The defendant cites *Harter* v. *Country Mutual Ins. Co.,* 20 Ill. App. 2d 413, 419, 156 N.E.2d 243 (1959), as authority for the proposition that even where the regular use provision is interpreted as an exception, the burden of proof is on the claimant. The defendant also cites *Kunze* v. *State Farm Mutual Automobile Ins. Co.,* 197 N.W.2d 685, 689 (N.D. 1972), and *Boedigheimer* v. *Taylor,* 178 N.W.2d 610, 614 (Minn. 1970), both of which do not specifically characterize a regular use provision as a condition precedent or an exception, but imply that such a provision is a condition precedent. These courts concluded that the burden of proof is on the claimant. See also 12A Couch, Insurance 2d § 45, p. 1087 (favors placing burden of proof concerning "regular use" provision on claimant).

The plaintiff, on the other hand, cites *Kenilworth Ins. Co.* v. *Cole,* 587 S.W.2d 93 (Mo. Ct. App. 1979), *Keplinger* v. *Mid-Century Ins. Co.,* 115 Ariz. 387, 565 P.2d 893 (1977), *State Automobile & Casualty Underwriters* v. *Ishmael,* 87 S.D. 49, 202 N.W.2d 384 (1972), and *Giokaris* v. *Kincaid,* 331 S.W.2d 633 (Mo. 1960), all of which treat the provision as an exception, placing the burden of proving regular use on the insurer.

mission or commercial use. These requirements were clearly conditions precedent so that the burden of proof was on the claimant.

Unlike the claimants in *Rochon* and *Manthey,* David Quigley was admittedly an insured under the policy in this case as a relative of the insured parties, living at home and operating a nonowned automobile. The insurance policy sets forth the general insurance protection providing for the operation of nonowned automobiles by relatives. It is only in the definition of a nonowned automobile in the policy that it states that a nonowned automobile is one not furnished for the regular use of a relative.

We conclude that the regular use provision in the policy in this case is an exception to coverage, which the defendant insurer must allege and prove at the trial.

The question of whether or not the court erred in granting the defendant's motion for judgment notwithstanding the verdict is determined by our decision on the issue of the burden of proof. Because the court erroneously placed the burden of proof on the plaintiff, its conclusion that she failed to meet this burden is nugatory. The court erred in setting aside the verdict.

Concerning the appropriate remedy, the plaintiff claims that there was sufficient evidence that the Fiat was not furnished for the regular use of David Quigley which would justify reinstating the verdict. In the memorandum of decision on the defendant's motion for judgment notwithstanding the verdict, the only facts found by the court which are pertinent to this issue are (1) that the Fiat was owned by David Quigley's brother Dennis, who lived in Manchester; (2) that the operator, David Quigley, lived in South Windsor; (3) that David Quigley's parents owned two cars, a Comet and a Toyota, which he was permitted to use; and (4) that David Quigley did not use one automobile more than the other. At trial,

neither party offered any other evidence on the question of regular use since each claimed that the other party had the burden of proof on this issue.

The evidence before the jury in the unusual stance of this case fell far short of that necessary to sustain the plaintiff's verdict. Although the jury, in its answer to a special interrogatory, found that the plaintiff had proven that David Quigley was not operating the 1971 Fiat as part of his regular use, it also found, in its answer to another special interrogatory, that the plaintiff had not proven the circumstances under which David Quigley had permission to operate the Fiat on July 18, 1972.

" '[A]lthough it is within the province of the jury to draw reasonable, logical inferences from the facts proven, they may not resort to speculation and conjecture.' " *State* v. *Gaynor,* 182 Conn. 501, 503, 438 A.2d 749 (1980).

There is error, the judgment is set aside and the case is remanded to the trial court for a new trial.

In this opinion the other judges concurred.