[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE PARAGRAPHS 4, 30,AND 39 OF THE DEFENDANT'S SECOND REVISED ANSWER AND ALL TWELVE OF THEDEFENDANT'S SPECIAL DEFENSES
The present action arises out of a dispute regarding an insurance contract entered into between the plaintiffs, Judith and Edward Clinton, and the defendant, Middlesex Mutual Assurance Company.
On April 3, 1995, the plaintiffs filed their third amended complaint ("complaint"), containing six counts, against the defendant. Counts one through six set forth claims, respectively, for breach of contract, breach of the covenant of good faith and fair dealing, CUTPA, fraud, defamation, and gross negligence. On October 13, 1995, the defendant filed its second revised answer ("answer") and special defenses, containing twelve special defenses.
Thereafter, on October 13, 1995, the plaintiffs filed a motion to strike ¶¶ 4, 30, and 39 of the defendant's answer, and all twelve of the defendant's special defenses, and a memorandum of law in support thereof. In response, on November 2, 1995, the, defendant filed a memorandum of law in opposition.
Pursuant to Practice Book § 152, a motion to strike may be CT Page 13859 brought to test the legal sufficiency of "any answer to any complaint . . . or any part of that answer including any special defense contained therein . . . ." Practice Book § 152(5). See also Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). A motion to strike admits all facts well pleaded; it does not, however, admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
In ruling on a motion to strike a special defense, the court must take the facts to be those alleged in the special defense, and must construe the defense in the manner most favorable to sustaining its legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). If facts provable under the allegations would support the special defense, the motion to strike must be denied. Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
THE DEFENDANT'S ANSWER
 Paragraph 4
Paragraphs 3 through 5 of the plaintiffs' complaint allege, in pertinent part, that:
 3. On or about November 2, 1992, for and in consideration of a valuable premium paid by the Plaintiffs, the Defendant, Middlesex, issued to Plaintiffs its Home Owners Insurance Policy No. 1249785, covering loss due to damage by fire to Plaintiffs' residence . . . and personal property located at 5 Liberty Street in Clinton, Connecticut.
 5. While the policy of insurance was in full force and effect, on or about April 21, 1993, the Plaintiffs' residence was destroyed by fire in a manner resulting in a constructive total loss.
 4. On or about November 2, 1993, for and in consideration of a valuable premium paid by the Plaintiffs, the Defendant, Middlesex, reissued to Plaintiffs its Home Owners Insurance Policy No. 1249785, with substantially greater policy limits than previously issued. CT Page 13860
In response, paragraph 4 of the defendant's answer alleges as follows:
 4. As to paragraph 4 of the plaintiffs' complaint, Middlesex Mutual admits that on or about November 2, 1993 it renewed the plaintiffs' insurance policy, but Middlesex Mutual states that such renewal policy is not relevant to this civil action.
The plaintiffs argue that this paragraph should be stricken, on the ground that, because the proper manner in which to attack the relevancy of the allegations of a pleading is through a request to revise, the defendant has waived its right to challenge the relevancy of the plaintiffs' allegations.
The plaintiffs are correct in their assertion that, pursuant to Practice Book § 147, a request to revise is to be filed whenever any party desires to obtain (2) the deletion of any unnecessary . . . impertinent, immaterial or otherwise improper allegation in an adverse party's pleading. In the present case, however, it is the plaintiffs, rather than the defendant, who are attempting to remove allegedly irrelevant or impertinent material from an adverse party's pleading through a motion to strike rather than a request to revise. Accordingly, the plaintiffs' motion to strike ¶ 4 of the defendant's answer is hereby denied.
Paragraphs 30 and 39 of the Defendant's Answer
Paragraphs 30 and 39 of the plaintiffs' complaint allege that:
 30. On or about September 24, 1993, Gary J. Vallo, Field Operations Manager for the Defendant, Middlesex, in a letter sent to the Plaintiffs via first class mail, stated that an offer for the "final resolution of the claim," had been forwarded to Plaintiffs on September 10, 1993, when no such offer had been sent, to the best knowledge and belief of Plaintiffs.
 39. On or about January 21, 1994, the Court granted Plaintiffs, Edward and Judith Clinton's motion, requiring Defendant, Middlesex, to accept or reject, in writing, Plaintiffs' compromise offer of settlement for the value of the policy within three days of the Court's order, while at the same time dismissing Defendant's CT Page 13861 "Application to Compel Appraisal" by the Court's own Motion.
In response, paragraphs 30 and 39 of the defendant's answer allege that:
 30. As to paragraph 30, Middlesex Mutual states that Gary J. Vallo, Connecticut General Manager for Middlesex Mutual, sent a letter dated September 24, 1993; the words of the letter speak for themselves. Middlesex Mutual admits that David A. Benton, Property Unit Manager of Middlesex Mutual, sent an offer to the plaintiffs on September 17, 1993.
 39. Paragraph 39 is denied as stated; the court record in Middlesex Mutual Assurance Company v. Edward Clinton et al., CV-93-70756 (Superior Court at Middletown), is on file in the clerk's office.
The plaintiffs argue that these paragraphs should be stricken, on the ground that said paragraphs improperly seek to introduce evidence into the pleadings. The court disagrees. Paragraphs 30 and 39 of the defendant's answer "fairly meet the substance of the allegations denied"; Practice Book § 161; and are "direct, precise and specific, and not argumentative, hypothetical or in the alternative." Practice Book § 162. Accordingly, the plaintiffs' motion to strike ¶¶ 30 and 39 of the defendant's answer are hereby denied.
THE DEFENDANT'S SPECIAL DEFENSES
The defendant has set forth twelve special defenses to the plaintiffs' complaint. Said defenses allege as follows:
First Special Defense to Counts One through Six
 1. The policy at issue contains the following provision:
 2. Concealment or Fraud. The entire policy will be void if, whether before or after a loss, the insured
has:
 a. intentionally concealed or misrepresented any material fact or circumstance; CT Page 13862
b. engaged in fraudulent conduct; or
 c. made material false statements; relating to this insurance.
 2. The insured, Edward Clinton, intentionally concealed or misrepresented material facts or circumstances and/or made material false statements relating to the claimed loss, and engaged in fraudulent conduct, including but not limited to: placing false notices in newspapers; making untrue complaints against Middlesex Mutual to public agencies and governmental and political officials; making untrue statements to agents who sell Middlesex Mutual insurance; and making threats to Middlesex Mutual and to potential witnesses in this case.
 3. The entire policy at issue is therefore void and the claimed loss is therefore not covered under the policy.
 Second Special Defense to Counts One through Six
 1. The policy at issue contains the following provision:
 2. Concealment or Fraud. The entire policy will be void if, whether before or after a loss, the insured
has:
 a. intentionally concealed or misrepresented any material fact or circumstance;
b. engaged in fraudulent conduct; or
 c. made material false statements; relating to this insurance.
 2. The insured, Judith Clinton, intentionally concealed or misrepresented material facts or circumstances and/or made material false statements relating to the claimed loss, and engaged in fraudulent conduct, including but not limited to: placing false notices in newspapers; making untrue complaints against Middlesex Mutual to public agencies and governmental and political officials; making untrue statements to agents who sell Middlesex Mutual insurance; and making threats to Middlesex Mutual and to potential witnesses in this case. CT Page 13863
 3. The entire policy at issue is therefore void and the claimed loss is therefore not covered under the policy.
 Third Special Defense to Counts One through Six
1. The policy at issue contains the following provision:
 2. Your Duties After Loss. In case of a loss to covered property, you must see that the following are done:
d. (1) protect the property from further damage;
 (2) make reasonable and necessary repairs to protect the property . . . .
 2. The plaintiffs failed to protect the property from further damage and did not make reasonable and necessary repairs to protect the property as required under the terms and conditions of the policy at issue. Such failures include but are not limited to: the plaintiffs refusal to accept numerous checks of $100,000.00 or more (November 16, 1993 check of $168,308.73; December 10, 1993 check of $168,308.73; following payment of contents portion at policy limit of $86,500.00 on December 21, 1993, January 28, 1994 check of $100,000.00; and February 25, 1994 check of $100,000.00) offered them by Middlesex Mutual as partial payment for their loss to enable them to begin necessary repairs to protect the property.
 3. Failure to comply with the duties after loss as required under the policy constitutes a material breach of the policy.
 4. As a result of the plaintiffs' material breach of the policy, the plaintiffs are precluded from recovery in this action.
 Fourth Special Defense to Counts One through Six
1. The policy at issue contains the following provision:
 6. Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of CT Page 13864 the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the residence premises is located. The appraisers will separately set the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss.
Each party will:
a. pay its own appraiser; and
 b. bear the other expenses of the appraisal and umpire equally.
 2. The plaintiffs failed to appoint an appraiser and refused to participate in the appraisal process after Middlesex Mutual demanded an appraisal of the loss as required under the terms and conditions of the policy at issue.
 3. Failure to comply with the appraisal provision as required under the policy constitutes a material breach of the policy.
 4. As a result of the plaintiffs' material breach of the policy, the plaintiffs are precluded from recovery in this action.
 Fifth Special Defense to Counts One through Six
1. The policy at issue contains the following provision:
 8. Suit Against Us. No action can be brought unless the policy provisions have been completed and the action is started within one year after the date of the loss.
 2. The plaintiffs failed to comply with the policy provisions as required under the terms and conditions of the policy at issue. CT Page 13865
 3. Given that the policy provisions had not been complied with, the bringing of an action against Middlesex Mutual pursuant to the policy constitutes a material breach of the policy.
 4. As a result of the plaintiffs' material breach of the policy, the plaintiffs are precluded from recovery in this action.
 Sixth Special Defense to Counts One through Six
1. The policy at issue contains the following provision:
 8. Suit Against Us. No action can be brought unless the policy provisions have been completed and the action is started within one year after the date of loss.
 2. The plaintiffs failed to comply with the policy by failing to commence suit within one year of the date of the loss.
 3. Given that the action was not started within one year after the date of loss, the bringing of an action against Middlesex Mutual pursuant to the policy constitutes a material breach of the policy.
 4. As a result of the plaintiffs' material breach of the policy, the plaintiffs are precluded from recovery in this action.
 Seventh Special Defense to Counts One through Six
1. The policy at issue contains the following provision:
 10. Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
a. reach an agreement with you;
b. there is an entry of a final judgment; or CT Page 13866
c. there is a filing of an appraisal award with us.
 2. The plaintiffs claim for payment under the policy is premature because Middlesex Mutual has not reached an agreement with the plaintiffs as to the amount of the loss; a final judgment has not been entered; and an appraisal award has not been filed with Middlesex Mutual.
 Eighth Special Defense to Counts One through Six
 1. The plaintiffs have materially breached the policy's implied covenant of good faith and fair dealing, by, among other things: placing false notices in newspapers; making untrue complaints against Middlesex Mutual to public agencies and governmental and political officials; making untrue statements to agents who sell Middlesex Mutual insurance; and making threats to Middlesex Mutual and to potential witnesses in this case.
 2. As a result of the plaintiffs' material breach of the policy, they are precluded from recovery in this action. Ninth Special Defense to Counts One through Six Middlesex Mutual has tendered performance of its obligations under the policy, but plaintiffs have wrongfully refused to accept such tender. The plaintiffs therefore are precluded from recovery in this action.
 Tenth Special Defense to Counts One through Six
 Middlesex Mutual's obligations under the policy have been extinguished in whole or in part by payment to the plaintiffs and the plaintiffs have maintained dominion and control over said paid payments. The plaintiffs therefore are precluded from recovery in this action.
 Eleventh Special Defense to Counts One through Six
 The policy's declarations page contains limits on the amount of coverage as set forth in Exhibit A to the Third Amended Complaint. To the extent that the plaintiffs claim amounts in excess of those limits, they are precluded from recovery under the policy.
 Twelfth Special Defense to Counts One through Six
CT Page 13867
 Even if the plaintiffs' claims were well founded, which Middlesex Mutual expressly denies, any damages sought by the plaintiffs would be subject to set off and reduction by the amount of damages which the plaintiffs caused to Middlesex Mutual by the plaintiffs' breach and violation of their express and implied contractual obligations to Middlesex Mutual.
Initially, the plaintiffs argue that special defenses 1 through 12 should be stricken because: 1) they do not state legally recognized special defenses to all named counts of the plaintiffs' complaint; 2) they state only evidence rather than material facts; 3) they contain only legal conclusions without substantiating underlying material facts; 4) they are inconsistent with the allegations of the plaintiffs' third amended complaint; and 5) they are not in compliance with Practice Book § 165. The court addresses each of these arguments in turn.
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). Facts which are consistent with the allegations of the complaint but which show, notwithstanding, that the plaintiff has no cause of action, must be plead by special defense. Practice Book § 164; Pawlinski v.Allstate Ins. Co., 165 Conn. 1, 6, 327 A.2d 583 (1973). Otherwise, however, a party is entitled to plead his case in his own way, so long as he does not run counter to some rule of pleading.[1] Millerv. Presidents and Directors of Hartford Retreat, 4 Conn. Sup. 382,382 (Super.Ct. 1936) First National Bank Trust Co. v.Blakeslee, 4 Conn. Sup. 354, 354 (Super.Ct. 1936), citing Freeman's Appeal, 71 Conn. 708, 714, 43 A. 185 (1899).
In the context of insurance litigation, our courts have specifically held that certain defenses must be specially pleaded."Bennett v. Automobile Ins. Co., supra, 230 Conn. 806 (insurer should raise issues of policy limitation by special defense);Fogarty v. Fidelity Casualty Co., 120 Conn. 296, 299-300,180 A. 458 (1935) (exceptions or exclusions in insurance policy must be specially pleaded); Sortito v. Prudential Ins. Co., 108 Conn. 163,167-68, 142 A. 808 (1928) (breaches of conditions in insurance policy must be specially pleaded). CT Page 13868
Thus, one instituting an action upon an insurance policy is only obliged to allege in his complaint, in general terms, that the various conditions precedent have been fulfilled; it is then incumbent upon the defendant, by way of special defense, to set up such failures to comply with such conditions as it proposes to claim; the burden to prove compliance with the conditions so put in issue, however, rests upon the plaintiff. Frager v. PennsylvaniaGeneral Ins. Co., 161 Conn. 472, 478, 289 A.2d 896 (1971); Young v.American Fidelity Ins. Co., 2 Conn. App. 282, 285, 479 A.2d 244
(1984).
Moreover, "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement"; Habetz v. Condon, 224 Conn. 231, 238,618 A.2d 501 (1992); and, "`[i]f, in any particular, [the plaintiff] failed to perform, it is a fundamental rule of pleading that the defendant must affirmatively specify that particular in [its] answer.'" Snetco v. Guardian Systems, Inc., Superior Court, judicial district of New Haven, at New Haven, Docket No. 358589 (January 23, 1995, Martin, J.), quoting Northrop v. Clinton,14 Conn. Sup. 28, 32 (Super.Ct. 1946).
Further, Practice Book § 164 provides, in pertinent part, as follows:
 No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded . . . .
(Emphasis added.)
Finally, the Supreme Court has specifically held that a right of setoff must be affirmatively and specially pleaded. PetersProduction, Inc. v. Dawson, 182 Conn. 526, 528, 438 A.2d 747
(1980); Practice Book § 168. Accordingly, the court finds that all CT Page 13869 of the defendant's special defenses are legally recognizable special defenses.
Next, the plaintiffs argue that special defenses 1 through 12 state only evidence rather than material facts, and contain only legal conclusions without substantiating underlying material facts. It is true, as the plaintiffs point out, that legal conclusions or opinions stated in special defenses are not deemed admitted, but rather must flow from the subordinate facts provided, and that a defendant must plead allegations as to the essential elements of each of its defenses. County Federal Savings Loan Assn. v.Eastern Associates, 3 Conn. App. 582, 585-86, 491 A.2d 401 (1985). It is also true, however, that "[a] material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990).
Applying the principles set forth above to the present case, the court finds that special defenses 1 through 12 allege sufficient material facts to support said defenses. Accordingly, the plaintiffs' motion to strike special defenses 1 through 12 is denied on this ground as well.
Next, the plaintiffs argue that special defenses 1 through 12 should be stricken, because they are inconsistent with the allegations of the plaintiffs' third amended complaint. As noted above, our statutes and caselaw have specifically held that the special defenses 1 through 12 are properly plead as such.
Moreover, absent a showing of prejudice, there is no general prohibition of inconsistent pleadings. Hanover Ins. Co. v.Fireman's Fund Ins. Co., 217 Conn. 340, 346, 586 A.2d 567 (1991), citing Practice Book §§ 94, 137; DeVita v. Esposito,13 Conn. App. 101, 105-07, 535 A.2d 364 (1987), cert. denied,207 Conn. 807, 540 A.2d 375 (1988). Accordingly, the court declines to grant the plaintiffs' motion to strike special defenses 1 through 11 on this ground as well.
Finally, the plaintiffs argue that special defenses 1 through 12 should be stricken, because they are still not in compliance with Practice Book § 165. Said section provides, in relevant part, as follows:
Where several matters of defense are pleaded, each must CT Page 13870 refer to the cause of action which it is intended to answer, and be separately stated and designated as a separate defense, as, First Defense, Second Defense, etc. Where the complaint or counterclaim is for more than one cause of action, set forth in several counts, each separate matter of defense should be preceded by a designation of the cause of action which it is designed to meet, in this manner: First Defense to First Count, Second Defense to First Count, First Defense to Second Count, and so on . . . .
A review of the defendant's special defenses reveals that they substantially comply with this provision of the Practice Book. Accordingly, the court declines to grant the plaintiffs' motion to strike special defenses 1 through 12 on this ground as well.
In the alternative, the plaintiffs further argue that special defenses 1, 2, 3, 5, 6, 7, 11, and 12 should be stricken, because they assert defenses which were not set forth in any of the defendant's three separate disclosures of defense and therefore cannot be asserted at this time.
Practice Book § 236 provides, in relevant part, as follows:
 In any action to foreclose or discharge any mortgage or lien or to quiet title, or in any action upon any written contract, in which there is an appearance by an attorney for any defendant, the plaintiff may at any time file and serve in accordance with Sec. 120 a written demand that such attorney present to the court, to become a part of the file in such case, a writing signed by him stating whether he has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense . . . .
The defendant concedes that it did not disclose special defenses1-3, 5-7, and 11-12 in its three separate disclosures of defense, dated August 5, 1994, January 3, 1995, and April 12, 1995. However, in each such disclosure, the defendant did reserve the right to further disclose defenses after discovery. Moreover, nothing in Practice Book § 236 prohibits a defendant from setting forth additional defenses after a disclosure of defense has occurred, and the plaintiffs have failed to identify any other CT Page 13871 authority prohibiting such action. Finally, the plaintiffs have failed to demonstrate that they are prejudiced by the defendant's action in setting forth these special defenses at this time. Accordingly, the plaintiffs' motion to strike special defenses 1-3, 5-7, and 11-12 is denied on this ground as well.
Additionally, the plaintiffs argue that special defenses 1, 2, 6, 7, 10, and 11 should be stricken, because they are legal conclusions without merit that constitute nothing more than "sham defenses." "A sham pleading is one incompatible with the law or the nature and condition of things within the judicial knowledge, or appearing to be false by comparison with other declarations of the pleadings." Tulin v. Johnson, 18 Conn. Sup. 395, 396 (Super. Ct. 1953). Applying this principle to the special defenses identified by the plaintiffs, the court declines to classify said defenses as "sham defenses." Accordingly, the plaintiffs' motion to strike special defenses 1, 2, 6, 7, 10, and 11 is denied on this ground as well.
Further, the plaintiffs argue that special defense 9 should be stricken, because it contradicts all other special defenses. As noted above, however, a party is entitled to plead his case in his own way, so long as he does not run counter to some rule of pleading. Miller v. Presidents and Directors of Hartford Retreat, supra, 4 Conn. Sup. 382 First National Bank Trust Co. v.Blakeslee, supra, 4 Conn. Sup. 354. The plaintiffs in the present case have failed to convince the court that special defense 9 is contrary to the law or a rule of pleading. Accordingly, the plaintiffs' motion to strike special defense 11 is denied on this ground as well.
Finally, the plaintiffs argue that special defense 12 should be stricken, because it is not in compliance with the applicable statute and does not cite to the applicable statute. The law of setoff is governed by General Statutes § 52-139, which provides, in pertinent part, that:
 (a) In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other."
Thus, a condition precedent to the application of General Statutes § 52-139 is that the defendant's claim arise from a debt due by the CT Page 13872 plaintiff. Elis v. Rogers, 15 Conn. App. 362, 365, 544 A.2d 633
(1988). See also Savings Bank of New London v. Santaniello,130 Conn. 206, 210, 33 A.2d 126 (1943) (a setoff is a debt independent of the transaction alleged in the complaint).
Setoffs can be based either in law or in equity. Godiksen v.Miller, 6 Conn. App. 106, 109, 503 A.2d 617 (1986). Where there are no equitable considerations involved, however, a defendant can set off debts only where they are presently due to him.Bridgeport-City Trust Co. v. Niles-Bement-Pond Co., 128 Conn. 4,10, 20 A.2d 91 (1941).
The right of setoff, whether legal or equitable, has always been confined to rights of action arising from contract.Springfield-Dewitt Gardens, Inc. v. Wood, 143 Conn. 708, 713,125 A.2d 488 (1956). "A proper setoff alleges a debt that is presently due and arising from a contract or liquidated claim." Armatino v.Romano, 1 Conn. L. Rptr. 60, 61 (November 28, 1989, Cretella, J.). Furthermore, the debt must be a mutual one. Id. Mutual debts are cross debts in the same capacity and right and of the same kind and quality: they must exist between the parties in their own right and they must be clearly ascertained and liquidated. GeneralConsolidated, Ltd. v. Rudnick Sons, Inc., 4 Conn. Cir. Ct. 581, 586 (1967).
In the present case, the defendant's twelfth special defense alleges as follows:
 Even if the plaintiffs' claims were well founded, which Middlesex Mutual expressly denies, any damages sought by the plaintiffs would be subject to set off and reduction by the amount of damages which the plaintiffs caused to Middlesex Mutual by the plaintiffs' breach and violation of their express and implied contractual obligations to Middlesex Mutual.
Applying the principles set forth above to this special defense, the court concludes that said defense does not sufficiently set forth a claim of setoff. The allegations of special defense 12 do not identify a clearly ascertainable and liquidated "debt" that is due by the plaintiffs. Additionally, the defendant specificallydenies that a debt is due to the plaintiffs; thus, the defendant has also failed to allege a mutuality of debts.[2] Accordingly, the plaintiffs' motion to strike special defense 12 is hereby granted. CT Page 13873
CONCLUSION
The plaintiffs' motion to strike ¶¶ 4, 30, and 39 of the defendant's answer is hereby denied.
The plaintiffs' motion to strike special defenses 1 through 11 is hereby denied.
The plaintiffs' motion to strike special defense 12 is hereby granted.
BY THE COURT:
STANLEY, J.