[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 1400
On September 21, 1990, the plaintiff, Erin Anderson, was allegedly involved in an accident. The plaintiff alleges when a car, driven by Vivian Palmer, struck the plaintiff's car from the rear, the plaintiff suffered personal injuries and property damage.
The plaintiff settled with Palmer's insurer, Utica National Insurance Group, in an amount equal to the limits of the policy's liability coverage. The plaintiff's damages exceed the policy limits paid-out by Utica National Insurance Group.
Pursuant to General Statutes Sec. 38a-336, the plaintiff filed a claim with her insurer, the defendant, Peerless Insurance Company, based on a provision for underinsured motorist (UM) coverage contained within their insurance agreement. The defendant refused to indemnify the plaintiff and make payments for the requested UM coverage provided for under their insurance agreement.
On September 21, 1991, the plaintiff filed the present action against the defendant alleging that the plaintiff is entitled to UM coverage pursuant to both the insurance agreement and General Statutes Sec. 38a-336.
On November 6, 1992, the defendant insurer filed its answer including four special defenses:
 1. First Special Defense. The [p]laintiff's injuries, if any, and damages arising therefrom, resulted in whole or in part from her failure to wear her seat belt and/or shoulder harness, which a reasonable and prudent person would have done, and her injuries and damages, if any, are greater than they would have been had she done so[;]
 2. Second Special Defense. The [p]laintiff has received no-fault payments which would reduce any liability which the [d]efendant might have to the CT Page 1401 [p]laintiff under the underinsured motorist provisions of the policy in question[;]
 3. Third Special Defense. The [p]laintiff has received or had paid on her behalf, payments from collateral sources, which should reduce her recovery herein[; and]
 4. Fourth Special Defense. The [p]laintiff injuries and damages, if any, [result] in whole or in part from her own negligence . . . .
On November 20, 1992, the plaintiff filed the present motion to strike defendant's first and third special defenses accompanied by a supporting memorandum of law. As to the defendant's first special defense, the plaintiff argues that General Statutes Sec. 14-100a(c)(4) prohibits the defendant from raising the special defense of contributory negligence based on the plaintiff's failure to wear a safety belt. Regarding the defendant's third special defense, the plaintiff argues that Connecticut practice and case law prohibits a collateral source payment from being raised as a special defense.
 A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . The allegations of the pleadings involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail. (Citations omitted.)
Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the acts alleged in the pleadings most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). Practice Book Sec. 152 provides in relevant part that "[w]henever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any answer including any special defense CT Page 1402 contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book Sec. 155 requires that "[e]ach motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Practice Book Sec. 155 also requires that "[i]f an adverse party objects to this motion he shall . . . file and serve in accordance with Sec. 120 a memorandum of law." Id.
In the present case, both parties have timely filed the appropriate motions and memoranda of law with the court.
I. Whether the plaintiff's failure to wear a seat belt can be raised as the special defense of contributory negligence in an action, between an insured and an insurer, on a contract claim for indemnification under a provision of UM coverage.
The burden is on the moving party to raise the claim of legal insufficiency and to separately set forth each such claim of insufficiency with specificity. Blancato v. Feldspar Corporation, 203 Conn. 34, 36 n. 3, 522 A.2d 1235 (1987); Practice Book Sec. 154; General Statutes Sec. 52-95.
In the present case, the moving party, plaintiff, argues that General Statutes Sec. 14-100a(c)(4) prohibits the defendant from raising as a special defense contributory negligence based on the plaintiff's failure to wear a safety belt. General Statutes Sec. 14-100a(c)(4) provides that "[f]ailure to wear a seat safety belt shall not be considered as contributory negligence nor shall such failure be admissible evidence in any civil action."
"[General Statutes] Sec. 38-175a-6(a) [(now Sec.38a-334)] . . . expressly provides that `[t]he insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle.'" (Emphasis supplied.) Safeco Ins. Co. v. Vetre, 174 Conn. 329, 332,387 A.2d 539 (1978). "In sum, the legislature has mandated that the amended provision of Sec. 38-175c [(now Sec. 38a-336)] must now be read into each and every contract of insurance issued in the state of Connecticut. See Fidelity Casualty Co. v. Darrow, 161 Conn. 169, 286 A.2d 288 (1971)." Oliva v. CT Page 1403 Aetna Casualty Surety Co., 181 Conn. 37, 41-42, 434 A.2d 304
(1980). General Statutes Sec. 38a-336 provides in pertinent part that
 [e]ach automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom.
The legislature, in enacting certain statutory amendments, intended that underinsured motorist coverage was to be accorded similar treatment to that given to uninsured motorist coverage. Nationwide Ins. Co. v. Gode, 187 Conn. 386, 395, 446 A.2d 1059 (1982). "[S]tatutory provisions relating expressly to uninsured motorist coverage apply also to underinsured motorists." American Motorists Ins. Co. v. Gould,213 Conn. 625, 628, 569 A.2d 1105 (1990). There exists several well-established defenses to an action for indemnification. These special defenses included: breach of the insured's duty to cooperate with the insurer Plasticrete Corporation v. American Policyholders Ins. Co., 184 Conn. 231, 245,439 A.2d 968 (1981) (Bogdanski, J., dissenting.); non-occurrence of the covered event, Id., 236; lack of notice (prejudicial) or proof of loss by the insured, Id., 234-35; that the use of the insured's automobile was not in its regular use, Young v. American Fidelity Ins. Co., 2 Conn. App. 282, 289,479 A.2d 244 (1984); and the insured receiving statutory notice of cancellation, pursuant to General Statutes Sec. 38-175, Travelers Ins. Co. v. Hendrickson, 1 Conn. App. 409, 412,472 A.2d 36 (1984).
This list of insurer's defenses is not meant to be exhaustive. In effect, the insurance carrier for the uninsured motorist coverage steps in to the shoes of the uninsured CT Page 1404 or underinsured driver. See Amica Mutual Ins. Co. v. Barton, 1 Conn. App. 569, 571-75, 474 A.2d 104 (1984). Doing so, the same defenses that the uninsured operator or owner had are also legitimate defenses for the carrier to invoke. See Id.
The action against the insurance carrier may be in contract, but the obligation to pay or not to pay arises out of a formal basis for a tort claim — who is at fault. The case is a "civil case." Had there been enough insurance and the case were to be tried, the defense of failure to wear a safety belt could not be claimed as contributory negligence by virtue of General Statutes Sec. 14-100a(c)(4). In determining fault regarding the same accident, or in determining the liability for underinsured motorist coverage, the same bar is present if not on the basis of standing in the same shoes, then, by virtue of the subsequent civil case on the contract of insurance.
The latter portion of General Statutes Sec.14-100a(c)(4) applies, ". . . nor shall such failure [to wear a safety belt] be admissible evidence in any civil action." If the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intention of the legislature and there is no room for judicial construction." Johnson v. Manson, 196 Conn. 309, 316, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S.Ct. 813, 88 L.Ed.2d 786
(1986), citing Mazur v. Blum, 194 Conn. 116, 118-19,441 A.2d 65 (1981). General Statutes Sec. 14-100a(c)(4) is very clear and unambiguous.
Therefore, in the present case, the plaintiff's motion to strike the defendant's first special defense is granted on the ground that the defendant cannot raise the special defense of contributory negligence for failure to wear a safety belt, pursuant to Gen. Statutes Sec. 14-100a(c)(4).
II. Whether the defendant can raise as a special defense the payment of a collateral source to the plaintiff.
The amount to underinsured motorist coverage available under the driver's policy, which exceeds the liability limits of the tortfeasor's policy, forms the upper limits of recovery under the uninsured motorist statute. Covenant Ins. Co. v. Coon, 220 Conn. 30, 34-38, 594 A.2d 977 (1991). The CT Page 1405 insured could recover from the insurer the amount available under the underinsured motorist policy minus the amount paid under the tortfeasor's liability policy. Id. "Upon the awarding of damages and `before the court enters judgment.' General Statutes Sec. 52-225(b) requires that the `Court shall receive evidence' concerning collateral source payments." Saladino v. Barry, 5 CTLR 405, 406 (January 3, 1992, Rush, J.). It is clear that post-verdict admission of evidence concerning collateral source payments is permissible to reduce the plaintiff's final recovery; and in appropriate circumstances, collateral source payments may be pleaded as a setoff. Id.; Practice Book Sec. 168. However, it is equally clear that the prejudicial effect of disclosing insurance coverage to the jury during the course of the trial proceeding is inappropriate where the plaintiff's award, if any, will be reduced, by the amount of any collateral source payment, before judgment is rendered by operation of General Statutes Sec. 52-225a(b). Id.
The plaintiff's motion to strike the defendant's third special defense is granted because evidence of collateral source payments, although properly raised to reduce the plaintiff's post-verdict recovery, pursuant to Practice Book Sec. 168, cannot be raised as a special defense to a contract action for indemnity.
It is so ordered.
JOHN F. WALSH, J.