WRIGHT, Respondent v. DUBBELDE, et al, Appellants.

(172 N. W. 500).

(File No. 4475. Opinion filed May 13, 1919.)

1. **Sales—Sale of Corn, Delivery of Inferior Grade—Acceptance by Vendee, Burden on Vendor to Show, Instruction Re—Error.**

   Trial court, in a suit by vendee of a quantity of corn for damages for failure to comply with the contract in that the corn delivered was of inferior grade, erred in instructing that burden was on vendors to show by preponderance of evidence that the corn delivered was accepted by vendee as a compliance with the contract; since burden was upon plaintiff vendee to prove by preponderance of evidence that the corn was not of the contractual quality and was not accepted by him as in fulfillment of contract.

2. **Trials—Evenly Balanced Evidence, Different Minds, Different Conclusions—Burden of Proof, Verdict Against Party Having —Rule.**

   In a suit for damages for failure of defendant to deliver to plaintiff a grade of corn called for by contract, held, that the burden of proof to show the corn delivered was not delivered in performance of the contract, was on plaintiff.

3. **Sales—Sale of Corn, Recovery for Delivery of Inferior Grade— Failure to Object to Grade, Effect.**

   In a suit to recover damages for defendant's failure to deliver to plaintiff a grade of corn called for by the sale contract, held, that plaintiff's failure to object to the corn received, because of its inferior grade, or to show that he informed defendants that it was not being accepted as performance of the contract, is fatal to recovery, his acceptance thereof being conclusive against him.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Action by G. W. Wright, against Arnold Dubbelde and others, to recover damages for failure to deliver corn per contract. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

*Kirby, Kirby & Kirby,* for Appellants.

*Berdahl, Waggoner & Stordahl,* for Respondents.

(3) To point three, Appellants cited:

Jones v. McEwen (Ky.) 16 S. W. 81; Duckwall v. Brooke, (Ky.) 65 S. W. 357.

POLLEY, J. This action was brought to recover damages for the alleged failure to perform the conditions of a contract for

the delivery of 2,000 bushels of corn, of specified grades and at fixed prices, to be delivered to plaintiff at Valley Springs, in this state, on or before a certain future date. Plaintiff, after securing the contract resold the corn to parties in Minneapolis, at a price in advance of the purchase price, to be delivered on or before the date named in the contract with defendants. Plaintiff alleged that defendant failed to deliver the corn within the time fixed by the contract, and for that reason he was unable to perform his contract to deliver the corn to the Minneapolis parties; that, because he failed to deliver the corn to the Minneapolis parties at the time named in the contract, he was obliged to, and did, pay them the difference between the contract price and the market price of the corn, on the date of delivery, amounting to $1,350. He then asked judgment for this amount, plus $40 profit he claims he would have made if the corn had been delivered according to the terms of the contract. For answer, defendants interposed a general denial, except as to the making of the contract, and alleged that they had fulfilled the conditions of the contract.

[1] It is not disputed that, during the time between the making of the contract and the time fixed for the delivery of the corn, defendants delivered to plaintiff a quantity of corn equal in amount to the quantity called for by the terms of the contract; but plaintiff claimed that the corn so delivered was of a grade inferior to that called for by the contract, and was not accepted by him as a performance of the contract on the part of the defendants. The testimony on this point was about evenly balanced, but the court charged the jury that the burden of proof was upon defendants to show, by a preponderance of the evidence, that the corn they delivered was accepted by plaintiff as a compliance with the terms of the contract in question. This instruction was excepted to by defendants, and, in our opinion, the exception is well taken. That a quantity of corn was delivered is admitted by plaintiff. That it was not of the quality called for by the contract and was not accepted by him in fulfillment of the terms of the contract is the very essence of plaintiff's cause of action, and it devolved upon him to prove these facts by a preponderance of the evidence.

[2] The evidence on this question was such that different minds might have reached different conclusions, and, where the evidence is evenly balanced, the verdict must go against the party having the burden of proof. The burden of proof to show that

the· corn that was delivered by defendants was not delivered in performance of the terms of the contract was upon the plaintiff, and, had the jury been properly instructed, the verdict might have been for the defendants.

[3] It does not appear that plaintiff objected to the corn that was received from defendants at the time of the delivery, because of its inferior grade, or that he informed defendants that it was not being accepted as a performance of the terms of the contract. Unless plaintiff made it clear to defendants at the time the corn was delivered that it was not received under the terms of the contract, then his acceptance thereof was conclusive as against him, and he is not entitled to recover.

The judgment appealed from is reversed.