TRIPP STATE BANK, of Tripp, South Dakota, Appellant, v. JERKE, Respondent.

(189 N. W. 514.)

(File No. 5025.   Opinion filed August 5, 1922.)

**Corporations—Foreign Corporations, Doing Business in State, Transactions Necessary to Constitute—Statutes—Walters v. Hahn Commented On.**

On rehearing, held, that the former decision herein (188 N. W. 314) is not in conflict with the decision in Walters v. Hahn, 43 S. D. 153; since the language in the Hahn case, to-wit: "There was no 'doing of business' in this state; but one transaction was performed," etc., being of substantially the same meaning as the expression in the decision in the instant

case, to-wit: "but a single transaction constitutes the doing of business under the terms of. Sec. 8909, unless for some reason said transaction falls within some exception to the law and the party claiming the benefit of the exception has the burden of showing such fact"; both statements meaning the same thing, to-wit: That where it is shown that a foreign corporation had engaged in but a single transaction, such transaction does not constitute the doing of business within meaning of Sec. 8909; and present case shows sufficient number of transactions to constitute the doing of business within said statute; both decisions being to the effect that such corporation, to avoid effect of statute on ground that it had engaged in but a single transaction, has burden of showing it had in fact engaged in but one transaction.

Smith, and Anderson, JJ., not sitting.

On rehearing. Rehearing denied.

*Kirby, Kirby & Kirby,* for Appellant.

*H. A. Doyle,* and *Bogue & Bogue,* for Respondent.

POLLEY, J. The opinion in this case was filed on the 5th day of June last. Appellant has filed a petition asking for a rehearing on the ground that what we say in this case conflicts with what we said in Walters v. Hahn, 43 S. D. 153, 178 N. W. 448. In Walters v. Hahn we said:

"There was no 'doing of business' in this state; but one transaction was proven. And it is established that the entering into of but a single transaction is not the 'doing of business' under such a statute," referring to § 8909, Code 1919.

This was not a case where but a single transaction had taken place. In this case we say:

"But a single transaction constitutes the 'doing of business' under the terms of section 8909, unless for some reason such transaction falls within some exception to the law, and the party claiming the benefit of the exception has the burden of showing such fact."

But the statements mean exactly the same thing, to-wit, that where it is shown that the foreign corporation had engaged in but a single transaction, such transaction does not constitute the doing of business within the meaning of section 8909. In this case the evidence shows a sufficient number of transactions to constitute the doing of business within the meaning of said stat-

ute.   What we said in this case in addition to what we said in Walters v. Hahn is that where a foreign corporation is seeking to avoid the effect of the statute on the ground that it had engaged in but a single transaction such corporation has the burden of showing that it had in fact engaged in but a single transaction.   This is merely affirming the well-established rule that, "He who asserts an affirmative has the burden of proving the same."

A rehearing is denied.

SMITH, and ANDERSON, JJ., not sitting.