STATE AUTOMOBILE & CASUALTY UNDERWRITERS, Respondent
v.
ISHMAEL, Appellant

(202 N.W.2d 384)

(File No. 11049. Opinion filed November 27, 1972)

**Woods, Fuller, Shultz & Smith** and **J. B. Shultz**, Sioux Falls, for plaintiff and respondent.

**Brady, Kabeiseman, Light & Reade** and **C. E. Light**, Yankton, for defendant and appellant.

BIEGELMEIER, Judge.

The plaintiff, State Automobile and Casualty Underwriters, commenced this declaratory judgment action to establish whether or not its insurance policy provided coverage to the defendant, Walter Sparks, by way of defense or judgment resulting from an automobile accident which occurred on September 13, 1966. Defendant Ishmael appeals from a judgment for plaintiff insurance company.

The insurance company, by the terms of the policy, agreed to indemnify Walter Sparks against liability imposed upon him arising out of the ownership or use of his automobile, a 1962 Plymouth Valiant. The policy also provided coverage to Walter Sparks for liability arising out of his use of a nonowned automobile or his use of a temporary substitute automobile.

In the trial court some claims were made that the company was liable under common "temporary substitute automobile" and other clauses. In view of the record the argument for liability on appeal is bottomed on the "non-owned automobile" provisions.

They are:

*"Persons Insured.* The following are insureds under Part 1:

*       *       *       *       *       *

(b) with respect to a non-owned automobile,

(1) the named insured".

Vehicles insured are:

" *'non-owned automobile'* means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile".

It appears that the defendant, Walter Sparks, was involved in an accident while driving a 1956 Pontiac which was licensed and titled in the name of his brother, Clarence Sparks. As a result of the accident two persons received injuries resulting in their deaths.

There was a conflict in the evidence concerning how long Walter Sparks had been in possession of the 1956 Pontiac and whether or not he was the owner of it. At the trial the insurance company's theory was that the Pontiac operated by Walter Sparks at the time of the accident was not insured by them because it was in fact owned by Walter Sparks even though the certificate of title had not been transferred to him from Clarence Sparks. However, the defendants' theory was that the Pontiac was a nonowned vehicle not furnished for the regular use of Walter Sparks, and thus the insurance company, by the terms of the policy, was required to provide coverage for his liability arising out of the accident. The trial court held that the insurance policy did not provide coverage to Walter Sparks for liability arising out of the accident.

Under the theories thus presented, in order to justify the conclusion that the insurance policy did not provide coverage, the court had to find that Walter Sparks either owned the 1956 Pontiac or that it had been furnished for his regular use. However, the court found, contrary to plaintiff's theory, that

Clarence Sparks was the owner of the 1956 Pontiac—a fortiori it was not owned by Walter Sparks; there was no finding as to whether or not the car had been furnished for his regular use. The trial court also found that the policy was in effect on the date of the accident and that the 1956 Pontiac driven by Walter Sparks at the time of the accident was not a temporary substitute automobile within the meaning of that term in the policy; therefore, it was not covered under that clause.

■ Under the terms of the policy Walter Sparks was insured against liability while driving the 1956 Pontiac not owned by him unless plaintiff proved that it was furnished for his regular use. In order to prevail, plaintiff, who asserts that it is under no liability to any of the parties to this action as a result of the accident, has the burden of proving that issue by a preponderance of the evidence; that is so under the familiar rule that a party so situated must prove every fact essential to maintain its action. Dakota National Bank v. Kleinschmidt, 33 S.D. 132, 144 N.W. 934; Wright v. Dubbelde, 42 S.D. 12, 172 N.W. 500; Tripp State Bank v. Jerke, 45 S.D. 580, 189 N.W. 514; and see South Dakota Pattern Jury Instructions, Civil, 21.01.

This burden applies to proof that the 1956 Pontiac was furnished for the regular use of Walter Sparks so as to come within that exclusionary clause of the policy. This court has held that burden rests on the insurance company when, even as a defendant in an action on the policy, it seeks to avoid liability because of an exclusionary clause. Temmey v. Phoenix Mutual Life Insurance Co., 72 S.D. 387, 34 N.W. 2d 833. The court wrote:

> "The respondent [insurance company] * * * seeks to avoid liability on the policy on the ground that the death of insured was due to an excluded risk, and the burden is therefore upon respondent to prove the facts constituting such defense."

The Temmey opinion is in accord with the general rule that the burden of proving particular risks fall within exceptions to or exclusions from the policy coverage rests on the insurer, whether plaintiff or defendant. 22 Am.Jur.2d, Declaratory Judgments, §

98; Couch on Insurance 2d § 79:383, with citations of many authorities including our Temmey opinion. See also discussion in Giokaris v. Kincaid, Mo., 331 S.W.2d 633, approving a finding, on the evidence noted, that the car was not regularly used by the driver.

As indicated the court made no finding as to this fact. The findings entered do not support the conclusions of law and judgment, and the judgment must be and is reversed. See Bell v. Midland National Life Insurance Co., 78 S.D. 349, 102 N.W.2d 322.

All the Judges concur.