Agnes REGAN, Robert M. Regan, and
Mary E. Regan, Plaintiffs
and Appellees,

v.

MOYLE PETROLEUM COMPANY, a
Corporation, Defendant and
Appellant.

No. 14084.

Supreme Court of South Dakota.

Considered on Briefs Nov. 28, 1983.

Decided Feb. 29, 1984.

Hermon B. Walker, Rapid City, for plaintiffs and appellees.

Robert L. Varilek and Robert R. Jackson, Rapid City, for defendant and appellant.

FOSHEIM, Chief Justice.

Moyle Petroleum Company (Moyle) appeals from an adverse verdict awarding damages for breach of a lease of real and personal property. We reverse and remand.

For twenty years Moyle leased a service station and various equipment from plaintiffs. Shortly before possession of the premises and equipment were to be returned by Moyle, a dispute arose concerning the leased property. The roof needed repair and several items of personal property were unavailable for return. Plaintiffs sued for damages and the jury awarded $12,300.00. The trial court allowed prejudgment interest, costs and attorney fees.

Moyle disputes the trial court's instruction on burden of proof. The instruction, which followed South Dakota Pattern Jury Instruction—Civil 21–01, began with a recitation of settled law that in civil actions the party who asserts the affirmative of an issue must prove that issue by a preponderance of the evidence. *State Automobile & Casualty Underwriters v. Ishmael*, 87 S.D. 49, 202 N.W.2d 384 (1972); *McKiver v. Theo. Hamm Brewing Co.*, 67 S.D. 613, 297 N.W. 445 (1941). This was followed with the usual explanation of the meaning of the term "preponderance of the evidence." In the same instruction, however, the trial court added:

And the Defendant has the burden of proving these issues:

(1) Whether Defendant, Moyle Petroleum, complied with the terms of the lease regarding the maintenance of the premises and, therefore, is not in breach of the lease agreement.

Moyle contends that this portion of the instruction erroneously shifted the burden of proof away from the parties asserting breach. We agree. The allegations in the complaint were answered with a denial. The burden of proving all issues therefore continued to rest with the plaintiffs and the jury should have been so instructed. Had the jury been properly instructed, the verdict might have been for the defendants. *Wright v. Dubbelde et al.*, 42 S.D. 12, 172 N.W. 500 (1919). The error, therefore, affected a substantial right which cannot be disregarded. SDCL 15–6–61.

Appellant also objects to the instruction on awardable damages. That instruction reads:

If you decide for the Plaintiff on the question of liability you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of detriment or damage proved by the evidence to have resulted from the negligence and breach of contract of the Defendant, whether such detriment could have been anticipated or not, namely:

(1) The reasonable expense of necessary repairs to the property which was damaged.

(2) The fair market value of the personal property immediately before the occurrence.

(3) Damages for waste.

Whether any of these elements of damage have been proved by the evidence is for you to determine. Your verdict must be based on evidence and not upon speculation, guesswork or conjecture.

In no event can the amount of damages awarded, if any, exceed $15,000.00.

The instruction allowed the jury to assess damages both for repair of the real property and for waste.

In an action for breach of contract, the plaintiff is entitled to recover all his detriment proximately caused by the breach, not exceeding the amount he would have gained by full performance. *Big Band, Inc. v. Williams*, 87 S.D. 24, 202

N.W.2d 121 (1972). When an action is brought after expiration of the term of the lease to recover for breach of a tenant's covenant to keep the premises in repair this detriment is usually measured by the reasonable cost of putting the leased premises into the state of repair contemplated by the broken covenant. Annot., 80 A.L.R.2d 983, § 8 (1961); *Mellios v. Charney*, 350 Mich. 199, 86 N.W.2d 266 (1957).

■ For a breach of an obligation not arising under contract, the measure of damages is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not. SDCL 21-3-1. In an action for waste, this detriment is generally considered the difference between the present value of the property and what it would have been worth had the tenant maintained and repaired the premises as a prudent person would have done under similar circumstances. 78 Am.Jur.2d *Waste* § 35 (1975); Annot., 82 A.L.R.2d 1106, § 2(a) (1962); 93 C.J.S. *Waste* § 18 (1956).

■ Plaintiff cannot recover duplicating damages. In the absence of punitive damages, one injured by a breach of contract is entitled to just and adequate compensation for his injury, but no more. *Ralston Purina Company v. Jungers*, 86 S.D. 583, 199 N.W.2d 600 (1972). No person can recover a greater amount in damages for the breach of an obligation than he could have gained by full performance. SDCL 21-1-5. By allowing tort damages in addition to breach of contract damages the instruction erroneously permitted the jury to grant plaintiffs more than the law permits. The jury should have been instructed that it can award damages on either theory, but not both.

The jury was also instructed that it might award treble damages for waste as permitted by SDCL 21-7-1, which reads:

> If a guardian, tenant for life or years, joint tenant, or tenant in common of real property, commit waste thereon, any person aggrieved by the waste may bring an action against him therefor, in which action there may be judgment for treble damages, forfeiture of the estate of the party offending, and eviction from the premises.

Defendant argues that treble damages should be available only in cases involving voluntary waste. We agree.

■ In authorizing treble damages for waste, our statute does not distinguish between voluntary and permissive waste. Such open-ended statutes, however, are generally construed to contemplate voluntary waste only, applying where the acts complained of are willful, wanton or malicious, *Dorsey v. Speelman*, 1 Wash.App. 85, 459 P.2d 416 (1969); *Delano v. Tennent*, 138 Wash. 39, 244 P. 273, 45 A.L.R. 766 (1926); 78 Am.Jur.2d *Waste* § 35 (1975); Annot. 45 A.L.R. 771 (1926), or in utter disregard for the rights of those who are thereafter to take, 93 C.J.S. *Waste* § 19 (1956); *Roby v. Newton*, 121 Ga. 679, 49 S.E. 694 (1905). This view harmonizes with our decision in *Hannahs v. Noah*, 83 S.D. 296, 158 N.W.2d 678 (1968), and SDCL 21-3-2. Accordingly, the instruction on treble damages should have been qualified with an instruction requiring the jury not to award treble damages unless they found the waste was willful, wanton or malicious or in utter disregard for the rights of those who were thereafter to take possession of the property.

We have reviewed the other issues raised and find they need not be addressed. The remaining claims of error are either without merit, or in view of the conclusions here reached, are not necessary to decide since upon remand they may not recur. *State v. Brandenburg*, 344 N.W.2d 702 (S.D.1984); *Blumhardt v. Hartung*, 283 N.W.2d 229 (S.D.1979); *Kressly v. Theberge*, 79 S.D. 386, 112 N.W.2d 232 (1961).

Reversed and remanded.

All the Justices concur.