VALOR INSURANCE COMPANY, Plaintiff-Appellant, v. ROBERT "ROB" TORRES *et al.*, Defendants-Appellees.

Second District    No. 2—98—0611

Opinion filed March 16, 1999.

James P. Newman and James P. Pelafas, both of Newman & Pelafas, of Chicago, for appellant.

W. Randal Baudin, of Baudin & Baudin, of Dundee, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Valor Insurance Company (Valor), appeals from the April 13, 1998, order of the circuit court of Lake County entering judgment in favor of the defendants, Robert "Rob" Torres (Torres); Tappers, Inc., d/b/a Tappers Bar & Grill; Robert Hogan; Mike Sudek, a/k/a Mike Sudiak; and Scott E. Dulberg (Dulberg), on plaintiff's complaint for declaratory judgment. Specifically, the trial court found that defendant Robert Torres was a permissive driver of David Lichtenstein's (Lichtenstein's) vehicle and was therefore a covered driver under Valor's policy insuring the vehicle. On appeal, Valor argues that the trial court's judgment was improper as a matter of law. We agree and reverse the trial court's judgment.

The facts relevant to this appeal are not in dispute. David Lichtenstein owned a truck that was insured by Valor. Valor's policy contained

an omnibus clause that provided coverage to any "person using [the] automobile to whom the named insured has given permission, provided the use is within the scope of such permission."

On the evening of April 22, 1995, Lichtenstein permitted Robert Torres to drive his truck to a tavern in Johnsburg. Lichtenstein was a passenger in the vehicle at that time. Apparently, Lichtenstein often let Torres drive his vehicle, as Lichtenstein had a suspended driver's license and a pending driving-under-the-influence charge.

At approximately 1 a.m. on the morning of April 23, 1995, Lichtenstein and Torres left the tavern and drove to McHenry to attend a party. Once again, Torres drove Lichtenstein's truck with permission. When they arrived at the party, Torres parked the truck, turned off the ignition, and put the keys in his pocket. Lichtenstein testified that he was not aware that Torres had the keys and instead believed that the keys had been left under the seat of his unlocked vehicle.

Lichtenstein remained at the party for approximately two hours and then decided to walk to his girlfriend's house, which was one block away. Immediately before Lichtenstein left the party, he told Torres "not to take [his] truck anywhere." Torres began to argue with Lichtenstein, during which time Lichtenstein repeated one or two times that Torres could not take the vehicle. Torres does not dispute that this conversation occurred and acknowledged that Lichtenstein "pleaded" with him not to take the truck. Apparently, Torres had consumed four to five beers and three to four shots of hard liquor at the party, and Lichtenstein wanted him to spend the night there.

When their conversation reached an impasse, Lichtenstein left the party. Torres testified he believed that, when Lichtenstein gave up the discussion and walked away, "it was alright for [him] to drive then." Torres also acknowledged that he had already made up his mind that he was going to take the truck regardless of what Lichtenstein told him.

Torres proceeded to drive the truck to his home. Scott Dulberg also rode in the truck as a passenger. After arriving at Torres's home, Torres and Dulberg decided to go back out to get some food. Torres again drove Lichtenstein's truck even though he had his own automobile at his home. While driving, Torres lost control of the truck, struck a guardrail, and allegedly caused injury to Dulberg. Dulberg thereafter filed a personal injury suit against Torres and Lichtenstein in the circuit court of McHenry County.

Valor proceeded to file a declaratory judgment action in the circuit court of Lake County to determine the question of coverage. After a bench trial, the trial court found that Torres was a permitted driver under the policy and that Valor had a duty to defend him. The trial

court explained that, once Lichtenstein had given Torres permission to drive his truck, he needed to take some affirmative act to manifest his desire to terminate the permission. The trial court found that no such affirmative act was taken, explaining as follows:

"And when we look at the facts in this case, [Lichtenstein] told them no. I think they agree to that. Don't drive the truck yet made—even after being warned, I am going to use the truck any way, he didn't take any affirmative action such as retrieving the person, retrieving the keys, locking the truck, anything of that nature.

*** [T]he fact [that Lichtenstein] *** was driving on a suspended license and that, in addition, apparently amongst his group they usually let each other drive, I think that the revocation of that permission was ineffective. So [Torres] had permission to drive."

Following the entry of the trial court's judgment, Valor filed a timely notice of appeal.

On appeal, Valor argues that the trial court erred as a matter of law when it found that Torres was a permitted driver of Lichtenstein's truck. Valor argues that Lichtenstein's repeated statements to Torres not to drive the truck were sufficient to revoke any express or implied permission Torres had to drive the vehicle. We agree.

■ As an appellate court, we take a deferential approach to the findings of the trial court on disputed factual issues; but the scope of our review on questions of law is independent, not deferential. *Woodall v. Booras*, 182 Ill. App. 3d 1096, 1100 (1989). In the instant case, as the controlling facts are not in dispute, the legal result of those undisputed facts is solely a question of law. *Woodall*, 182 Ill. App. 3d at 1100.

■ It is well settled that an omnibus clause in an automobile insurance policy extends coverage to any third party driving a covered vehicle with the insured's permission. *Harry W. Kuhn, Inc. v. State Farm Mutual Automobile Insurance Co.*, 201 Ill. App. 3d 395, 400-01 (1990). An insured's permission to use the vehicle continues in effect until it is revoked. *Hall v. Illinois National Insurance Co.*, 34 Ill. App. 2d 167, 170 (1962). *Permission* is effectively revoked by expressly forbidding use of the car, by demanding the keys back, or through some other act indicating that permission has been withdrawn. *Hall*, 34 Ill. App. 2d at 170.

■ Here, the parties do not dispute that Lichtenstein gave Torres permission to drive his truck to the tavern and to the party in McHenry. Moreover, it appears that Lichtenstein had often allowed Torres to borrow his truck on prior occasions for his own personal use. Therefore, the relevant question becomes whether Lichtenstein ef-

fectively revoked his permission for Torres to use the vehicle prior to the time that Torres departed the party with Dulberg.

As detailed above, the undisputed evidence demonstrates that Lichtenstein repeatedly told Torres that he could not use the vehicle to drive home from the party. Torres had consumed a significant amount of alcohol at the party and Lichtenstein testified that, "as a friend," he could not allow Torres to drive that night. Indeed, Torres acknowledged that Lichtenstein "pleaded" with him not to drive. Based on Lichtenstein's express statements to Torres not to drive the truck, we determine, as a matter of law, that Lichtenstein effectively revoked his permission to drive the truck. As such, at the time of the accident, Torres was no longer a permissive user of the vehicle and was not covered under the omnibus clause of the Valor policy. See *Woodall*, 182 Ill. App. 3d at 1103 (driver of vehicle not a permissive user when he was told not to drive vehicle).

In so holding, we believe that the trial court erred in finding that Lichtenstein was required to take further affirmative action in order to effectively revoke his permission. As noted above, the trial court found that Lichtenstein was obligated to attempt to retrieve his keys, to retrieve Torres, or to lock his vehicle. Although such factors are certainly relevant in determining whether permission has been revoked, we do not believe that the law imposes an affirmative obligation to take such additional steps when the insured has expressly prohibited the use of the vehicle. See *Kuhn*, 201 Ill. App. 3d at 401-02; *Woodall*, 182 Ill. App. 3d at 1103; *Byrne v. Continental Casualty Co.*, 301 Ill. App. 447, 457-58 (1939). Indeed, our research demonstrates that courts generally rely on such additional factors only in instances where the insured has not affirmatively expressed his intent regarding the use of the vehicle. See generally *Kosrow v. Acker*, 188 Ill. App. 3d 778, 784-85 (1989); *Standard Mutual Insurance Co. v. Sentry Insurance of Illinois, Inc.*, 146 Ill. App. 3d 905, 908-10 (1986); *Lumbermens Mutual Casualty Co. v. Poths*, 104 Ill. App. 2d 80, 89-90 (1968).

We also reject the contention that Lichtenstein acquiesced in Torres's use of the truck simply because he walked away from the conversation and left the party. Lichtenstein had already told Torres repeatedly that he could not use the truck. Lichtenstein had therefore effectively revoked his permission before he left the party, and there was nothing more for him to do. Indeed, we note that Torres testified that he intended to drive the truck regardless of whether he had Lichtenstein's permission. Under these circumstances, we believe that the trial court erred in finding that Torres was a permissive user under the policy. Rather, we agree with Valor that Torres is not covered under the omnibus clause of the instant policy.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed.

Reversed.

McLAREN and GALASSO, JJ., concur.