#25548-aff in part, rev in part & rem-JKM

**2011 S.D. 2**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

| | |
|---|---|
| STATE FARM AUTOMOBILE INSURANCE COMPANY, | Plaintiff and Appellee, |
| v. | |
| ANDREW BOTTGER, | Defendant |
| and | |
| AMCO INSURANCE COMPANY, | Defendant and Appellee, |
| and | |
| SARAH R. KOSINSKI, | Defendant and Appellant. |

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE STEVEN R. JENSEN
Judge

\* \* \* \*

| | |
|---|---|
| TIMOTHY A. CLAUSEN of Klass Law Firm, LLP Sioux City, Iowa | Attorneys for plaintiff and appellee State Farm. |
| MICHAEL L. LUCE of Murphy, Goldammer & Prendergast, LLP Sioux Falls, South Dakota | Attorneys for defendant and appellee AMCO. |
| JAMES N. DAANE of Buckmeier & Daane Lawyers, PC Sioux City, Iowa | Attorneys for defendant and appellant. |

\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 15, 2010

OPINION FILED **01/12/11**

#25548

MEIERHENRY, Justice

[¶1.]     While attempting to drive Alisia Ludwig's car out of a ditch, Andrew Bottger pinned Sarah Kosinski under the car. Kosinski sued Bottger for her injuries. Both Ludwig (the owner of the car) and Bottger (the driver of the car) were insured. Ludwig's car was insured by State Farm Automobile Insurance Company. Bottger was an insured driver on his mother's insurance policy with AMCO Insurance Company. The State Farm policy provided coverage to "any other person while using such a car if its use is within the scope of consent of you and your spouse[.]" The AMCO policy excluded coverage when an "insurer" was "[u]sing a vehicle without a reasonable belief that 'insurer' [wa]s entitled to do so." The insurance companies sought declaratory judgment on whether coverage existed under the omnibus clause of the State Farm policy or under the exclusion clause of the AMCO policy. The trial court determined that Kosinski's injuries were not covered under either policy because Bottger did not have express or implied permission to drive at the time Kosinski was injured. We affirm as to Ludwig's State Farm policy because Ludwig had expressly withdrawn permission for Bottger to drive her car. We reverse and remand as to Bottger's AMCO policy for the trial court to determine whether Bottger had a reasonable belief that he was entitled to drive the car at the time the accident occurred.

## FACTS

[¶2.]     Most of the facts are not in dispute and are not challenged as clearly erroneous on appeal. The events leading up to Kosinski's injury started in a corn field in Union County, South Dakota, where Ludwig, Kosinski, and Darci Irwin

-1-

attended a high school drinking party. Ludwig drove her car to the party but needed a sober driver to drive the car back to her residence in Elk Point, South Dakota. The three young women asked Bottger if he was sober and capable of driving them to Elk Point in Ludwig's car. Bottger assured them he was sober enough to drive. Relying on his claim of sobriety, Ludwig allowed Bottger to drive her car. The young women soon realized that Bottger was intoxicated and that his fast and erratic driving on the gravel road was placing them in danger. Ludwig directed Bottger to "pull the car over and stop." Kosinski and Irwin also "yell[ed] at [him] from the back seat to slow down or pull over." Bottger disregarded their requests. He continued speeding, missed a turn at a T-intersection, and crashed into a steep ditch.

[¶3.]        No one was injured from the crash, but the car was wedged and stuck. All the passengers, except Bottger, got out of the car. Ludwig angrily demanded Bottger get of the car. Kosinski, who was standing in front of the vehicle, also told Bottger to get out of the vehicle. Even so, Bottger remained behind the wheel in an attempt to dislodge the vehicle by rocking it back and forth. Ludwig and Irwin climbed out of the ditch onto the road where Ludwig used her cell phone to contact someone to help remove the car from the ditch. A few minutes later, Bottger got the car to move forward, but in doing so, pinned Kosinski under the car.

## ANALYSIS

*State Farm coverage depends on Bottger's status as an omnibus insured with express or implied permission to drive.*

[¶4.]        South Dakota law mandates that automobile liability policies insure the person named in the policy and "any other person as insured, using any insured

vehicle or vehicles with the express or implied permission of the named insured." SDCL 32-35-70. "The general rule is that the omnibus clause creates liability coverage in favor of the omnibus insured 'to the same degree as the [named] insured.'" *Northland Ins. Co. v. Zurich Am. Ins. Co.*, 2007 S.D. 126, ¶ 10, 743 N.W.2d 145, 148 (quoting *Estate of Trobaugh v. Farmers Ins. Exch.,* 2001 S.D. 37, ¶ 21, 623 N.W.2d 497, 502).

[¶5.] The specific language of the State Farm omnibus clause provides coverage if Bottger's use of the car was "within [Ludwig's] scope of consent." Undisputedly, Bottger initially had permission to drive Ludwig's car. The trial court, however, determined that "Ludwig expressly withdrew her permission and consent almost immediately after Bottger started driving when it became apparent to her that he was intoxicated." For the most part, the trial court's finding that Ludwig expressly withdrew her permission disposes of the coverage issue under the State Farm policy.[*]

[¶6.] At the hearing, Ludwig testified that she allowed Bottger to drive because he assured her he was sober. Ludwig also indicated that as soon as Bottger started driving, she realized he was not sober and specifically asked him to stop so she could find someone else to drive. As Bottger sped along the gravel road, Ludwig claimed that she repeatedly told him to stop and pull over, and then told him – more than once – to get out of the car after it crashed in the ditch. Bottger's

---

[*] Because we affirm based on Ludwig's express revocation of permission, we need not address the trial court's determination that Bottger's intoxication was outside the scope of permission or a material deviation from Ludwig's initial express permission.

-3-

memory of the events was unclear. He did not remember if Ludwig told him to stop driving or get out of the car.

[¶7.]       Kosinski argues that Ludwig "expressly consented to Bottger's operation of her car for the venture from the [party] to their homes in Elk Point." Further, Kosinski contends that Bottger's attempt to get the car out of the ditch was a continuation of the "original permitted objective," regardless of Ludwig's request to "pull the car over and stop."

[¶8.]       Kosinski points out that allowing one to avoid insurance coverage merely by claiming that consent was withdrawn seconds before an accident would contravene the purpose of the omnibus legislation. We are mindful of that concern. We have said that to prove express permission, "the evidence must be of an affirmative character, directly, and distinctly stated, clear and outspoken, and not merely implied or left to inference." *Trobaugh*, 2001 S.D. 37, ¶ 22, 623 N.W.2d at 502 (internal citation omitted). Proof of revocation of permission requires the same level of proof. Thus, effective revocation of permission must be clearly expressed by words or actions. One court explained that acts such as retrieving the keys, locking the vehicle, or removing the permitted driver are relevant factors "in determining whether permission has been revoked." *Valor Ins. Co. v. Torres*, 303 Ill.App.3d 554, 558, 708 N.E.2d 566, 569 (1999). But "the law [does not] impose[ ] an affirmative obligation to take such additional steps when the insured has expressly prohibited the use of the vehicle." *Id.*

[¶9.]       The trial court found that Ludwig expressly revoked Bottger's permission to drive. The evidence supports the trial court's findings. Ludwig's

revocation was affirmatively, directly, and distinctly stated. It was "clear and outspoken, and not merely implied or left to inference." *Trobaugh*, 2001 S.D. 37, ¶ 22, 623 N.W.2d at 502. Therefore we affirm the trial court's determination that there was no coverage under the State Farm policy's omnibus clause.

*AMCO covers Bottger as an insured unless Bottger did not have a reasonable belief that he was entitled to drive Ludwig's vehicle.*

[¶10.]    The language of Bottger's insurance contract, on the other hand, requires a different analysis. Bottger had liability coverage as a named insured under his mother's AMCO policy. The policy covered Bottger when driving his own vehicle as well as other vehicles. The policy contained an exclusionary provision that read as follows: "We do not provide Liability Coverage for any 'insured' . . . [u]sing a vehicle without a reasonable belief that that 'insured' is entitled to do so." AMCO claims the exclusion clause applies because Bottger did not have a reasonable belief that he was entitled to drive Ludwig's vehicle at the time of the accident. Although Bottger's permission, or lack thereof, determines coverage under Ludwig's State Farm liability policy, it does not necessarily determine coverage under Bottger's own liability policy.

[¶11.]    The legal inquiry and focus are different between the two policies. With an exclusion clause, the legal inquiry changes from the automobile owner's perspective to the driver's perspective. *See Cooper v. State Farm Mut. Auto. Ins. Co.*, 849 F.2d 496, 500 (11th Cir. 1988). The Supreme Court of Georgia described the inquiry as "a mixed objective/subjective determination of the user's state of mind – the reasonableness of the user's subjective belief of entitlement." *Hurst v.*

*Grange Mut. Cas. Co.*, 266 Ga. 712, 713, 470 S.E.2d 659, 661 (1996). The Court explained:

> The exclusion clause at issue differs from the traditional "omnibus" clause which authorizes coverage for a non-owner's permissive use of a vehicle. The new clause is couched in terms of entitlement rather than permission, causing a shift in the inquiry from an objective determination – whether the owner or one in legal possession of the car gave the user permission – to a mixed objective/subjective determination of the user's state of mind – the reasonableness of the user's subjective belief of entitlement.

*Id.* (citations omitted). The Eleventh Circuit Court of Appeals also differentiated the focus of an exclusion clause as follows: "permissive use clauses focus[ ] on the owner's perspective. Specifically, the inquiry center[s] on whether the owner ha[s] expressly or impliedly given permission to the user. [An] entitlement clause reverses the inquiry. It focuses on how the situation appear[s] to the user of the automobile." *Cooper*, 849 F.2d at 499-500.

[¶12.]     This approach is consistent with the risk assumed by the insurer. The insurer assumes the risk that if its insured "reasonably believes that he or she has the permission of the owner, the insured will be operating the other automobile with the same degree of care as was initially anticipated by the insurer when it issued the automobile policy." 8A Lee R. Russ, et al., *Couch on Insurance* 3d § 118:33 (2010).

[¶13.]     As applied here, the focus of the AMCO policy exclusion is whether Bottger reasonably believed that he was entitled to drive rather than whether he had Ludwig's permission. The subjective/objective test "for determining whether the insured's (Bottger's) belief was reasonable is not necessarily what a reasonable

person would believe, but is instead measured by the reaction of a reasonable person of the same age, personality and social environment, subject to such accompanying influences on the person's judgment and mind as may be credibly discerned from the subject evidence." *Id.* Consequently, "[o]ne might have a reasonable belief in his entitlement to use a vehicle, even though he has no permission to do so, and one might have the owner's permission to use a vehicle but still have no reasonable belief that he is entitled to do so." 46 C.J.S. *Insurance* § 1505 (2010).

[¶14.] Whether an insured has a reasonable belief that he is entitled to drive another's vehicle is a question of fact. When an insurance company seeks to avoid liability under a policy because of an excluded risk, it has the burden of proving the facts that constitute the exclusion. *State Auto. and Cas. Underwriters v. Ishmael,* 87 S.D. 49, 202 N.W.2d 384, 386 (1972).

[¶15.] The trial court's determination that the AMCO policy did not offer coverage focused on whether Bottger had "implied or express permission." This was a mistake because the trial court should have focused on whether Bottger reasonably believed that he was entitled to drive the vehicle out of the ditch. The trial court entered two findings concerning Bottger's subjective belief. The trial court found that (1) "Bottger subjectively believed that he was being helpful by trying to remove the car from the ditch," and (2) "Bottger subjectively believed he had permission to operate the Ludwig vehicle." The trial court, however, concluded that "[c]overage for Bottger under the AMCO policy is excluded because he did not have Ludwig's express or implied consent." Nowhere in the trial court's

memorandum decision or in the findings of facts or conclusions of law does the trial court address the exclusion clause inquiry – whether Bottger had a reasonable belief that he was entitled to drive the vehicle.

*Conclusion*

[¶16.]      We reverse and remand for the trial court to apply the language of the exclusion clause under the subjective/objective test discussed above.  The trial court must determine whether Bottger believed he was entitled to drive the vehicle at the time of the accident; and if so, whether that belief was reasonable "as measured by the reaction of a reasonable person of the same age, personality and social environment, subject to such accompanying influences on the person's judgment and mind as may be credibly discerned from the [ ] evidence."  *See supra* ¶ 13.

[¶17.]      Affirmed in part, reversed in part, and remanded.

[¶18.]      GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and SEVERSON, Justices, concur.